# EXHIBIT B

## Proposed Final Order

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEB STORES HOLDING LLC, et al.,[1] | ) | Case No. 14-12676 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |

**FINAL ORDER (A) APPROVING THE DEBTORS' PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTORS' PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"),

(a) approving the Debtors' Proposed Adequate Assurance of payment for future utility services,

(b) prohibiting Utility Companies from altering, refusing, or discontinuing services,

(c) approving the Debtors' proposed procedures for resolving Adequate Assurance Requests, and

(d) granting related relief; all as more fully set forth in the Motion; and upon the Robertson Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4455), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842). The location of the Debtors' headquarters and the service address for each of the Debtors is 9401 Blue Grass Road, Philadelphia, PA 19114.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at hearings before this Court (the "Hearings"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  Subject to the Adequate Assurance Procedures, the Motion is granted on a final basis as set forth herein.

2.  The Debtors shall cause a copy of the Motion and this Final Order to be served on each Utility Company listed on the Utility Services List no later than two business days after the date this Final Order is entered.

3.  The Debtors are authorized to cause the Adequate Assurance Deposit to be held in a segregated account during the pendency of these chapter 11 cases.

DOCS_DE:196039.4

4.     The Adequate Assurance Deposit, together with the Debtors' ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

5.     All Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

6.     The following adequate assurance procedures (the "<u>Adequate Assurance Procedures</u>") are hereby approved:

   a.     Any Utility Company that objects to the Debtors' Proposed Adequate Assurance must serve an Adequate Assurance Request on: (i) the Debtors, 9401 Blue Grass Road, Philadelphia, PA 19114, Attn: Dawn Robertson; (ii) proposed counsel for the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705 (Courier 19801) Attn: Laura Davis Jones, Esq.; (iii) counsel to any statutory committee appointed in these cases; and (iv) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Mark Kenney, Esq. (collectively, the "<u>Notice Parties</u>").

   b.     Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any

security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

    c. The Debtors are authorized to resolve, in their sole discretion, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in their sole discretion, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtors believe such alternative assurance is reasonable.

    d. If the Debtors are unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtors will seek a hearing with the Court (the "<u>Determination Hearing</u>") to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

  7. The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

  8. All Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of

4

payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

        a. The Debtors are authorized, in their sole discretion, to add or remove any Utility Company from the Utility Services List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtors' average monthly cost of utility service for each subsequently-added or removed Utility Company as soon as practicable. For Utility Companies that are added to the Utility Services List, the Debtors will cause a copy of this Final Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Company. Any Utility Company subsequently added to the Utility Services List shall be bound by the Adequate Assurance Procedures.

        9. The relief granted herein is for all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

        10. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

        11. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are

authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

12. Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Final Order or any payment made pursuant to this Final Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtors, a waiver of the Debtors' rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

13. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any Utility Services.

14. Notwithstanding the relief granted in this Final Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders approving entry into debtor-in-possession financing and authorizing use of cash collateral.

15. Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

16. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

17. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2014

_____
UNITED STATES BANKRUPTCY JUDGE