**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEB STORES HOLDING LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 14–12676 (KG)<br>Jointly Administered<br><br>Hearing Date: January 7, 2015 at 9:00 a.m.<br>Objections Due: December 31, 2014 at 4:00 p.m. |

**REQUEST FOR ADEQUATE PROTECTION AND MOTION OF CERTAIN
LANDLORDS PURSUANT TO SECTIONS 361, 363(E), 365(D)(3), 503(B)(1) AND 105(A)
OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER REQUIRING THE
DEBTORS TO IMMEDIATELY PAY DECEMBER STUB RENT (I) AS ADEQUATE
PROTECTION FOR THE POSTPETITION USE OF THE LANDLORDS' PROPERTY,
AND/OR (II) AS REQUIRED BY SECTION 365(D)(3) OF THE BANKRUPTCY CODE,
AND GRANTING SUCH OTHER AND FURTHER RELIEF AS IS JUST AND PROPER**

GGP Limited Partnership, DDR Corp., Gregory Greenfield & Associates, Ltd., Jones Lang LaSalle Americas, Inc., Rouse Properties, Inc., Simon Property Group, Inc., North Riverside Park Mall Associates, and SK Drive Properties LLC (collectively, the "Landlords"), hereby submit their *Request For Adequate Protection And Motion Of Certain Landlords Pursuant To Sections 361, 363(E), 365(D)(3), 503(B)(1) And 105(A) Of The Bankruptcy Code For Entry Of An Order Requiring The Debtors To Immediately Pay December Stub Rent (I) As Adequate Protection For The Postpetition Use Of The Landlords' Property, And/Or (II) As Required By Section 365(D)(3) Of The Bankruptcy Code, And Granting Such Other And Further Relief As Is Just And Proper* (the "Motion"). In support of the Motion, the Landlords respectfully state as follows:

---

[1] The above-captioned debtors in these proceedings (collectively, the "Debtors") (including the last four digits of their respective taxpayer identification numbers) are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4455), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842). The Debtors' corporate headquarters is located at 9401 Blue Grass Road, Philadelphia, PA 19114.

## JURISDICTION

1. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper in this Court pursuant to 28 §§ 1408 and 1409. The statutory predicates for the relief requested in the Motion are sections 105(a), 361, 363(e), 365(d)(3), and 503(b)(1) of the Bankruptcy Code.

## RELIEF REQUESTED

2. By this Motion, the Landlords request adequate protection for the Debtors' continued use of property in which the Landlords have an interest, and move the Court for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order") requiring the Debtors to immediately pay to the Landlords the prorated rent reflected on the Proposed Order that is due under the Debtors' unexpired non-residential real property leases with the Landlords (the "Leases") for the Debtors' use and occupancy of the premises leased from the Landlords from the Petition Date through the end of December (the "Stub Rent") (1) as adequate protection required by sections 363(e) and 361 of the Bankruptcy Code for the Debtors' postpetition use of property in which the Landlords have an interest, and/or (2) as timely performance of the Debtors' obligations due under the Leases pursuant to section 365(d)(3) of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

## BACKGROUND

3. The Landlords are the owners or managing agents for the owners of numerous shopping centers located throughout the United States. The Debtors lease retail space from the Landlords pursuant to the Leases for the stores identified in the chart annexed to the Proposed Order as Exhibit 1 (the "Leased Premises").

4. On December 4, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code with this Court, and numerous other "first day" motions. The Debtors have not paid the Stub Rent due under the Leases for their continued use and occupancy of the Leased Premises during December. The Stub Rent reflected on Exhibit 1 to the Proposed Order is an estimate that may increase.

5. The Debtors' first day motions included a motion for approval of post-petition financing (D.I. 9) (the "DIP Financing Motion"), as well as a procedures and sale motion (D.I. 37) (the "Sale Motion") seeking, among other things, establishment of bidding procedures and authority to conduct store closing sales ("GOB Sales") at all of their retail locations. Attached to the DIP Financing Motion is a proposed budget (the "Budget") which contains no funds to pay either the Stub Rent owed to the Landlords or most other administrative claims. The Budget and first day pleadings indicate that while the Debtors' first lien creditors may be paid in full, the Debtors' second lien lenders are woefully undersecured (perhaps by over $50 million), and that the proceeds of the sale of substantially all of the Debtors' assets will almost certainly leave nothing for the payment of administrative claims in these cases, much less a distribution to general unsecured creditors. This was confirmed by the Debtors' chief restructuring officer on cross examination at a hearing on December 17, 2014.

6. In light of the Debtors' Budget and Sale Motion, which plainly seek to obtain the benefits of Chapter 11 with no way to pay the administrative expenses the Debtors are incurring, the Landlords had no choice but to file this Motion requesting adequate protection and seeking immediate payment of the Stub Rent before all of the funds in the Debtors' estates are surrendered to the secured lenders, for whose benefit these cases are being run.

**BASIS FOR RELIEF**

I. **THE DEBTORS ARE REQUIRED TO PROVIDE ADEQUATE PROTECTION TO THE LANDLORDS FOR THE POSTPETITION USE OF THE LANDLORDS' PROPERTY**

7. Section 363(e) of the Bankruptcy Code guarantees adequate protection to any party with an interest in property used by a debtor during the debtor's bankruptcy proceedings who makes a request for adequate protection:

> "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use sale, or lease as is necessary to provide adequate protection of such interest."

11 U.S.C. § 363(e).

8. Section 363(e) is straightforward and non-discretionary. If a creditor with an "interest" in property used by the Debtors makes a request for adequate protection, then the court "shall" prohibit or condition the use of such property on the provision of adequate protection. 11 U.S.C. § 363(e); *see Worldcom,* 304 B.R. 611; *see also In re Metromedia Fiber Network, Inc.*, 290 B.R. 487, 491 (Bankr. S.D.N.Y. 2003) ("Section 363(e) is not permissive or discretionary…").

9. The U.S. Supreme Court has held that the term "interest" "is the most general term that can be employed to denote a right, claim, title, or legal share in something." *Russello v. U.S.*, 464 U.S. 16, 21 (1983).

10. A landlord undeniably holds an interest in the property that it owns and leases to a debtor, as well as an interest in the lease itself. *See In re Ames Department Stores, Inc.*, 136 B.R. 357, 359 (Bankr. S.D.N.Y. 1992) ("Section 363(e) of the Bankruptcy Code reserves for bankruptcy courts the discretion to condition the time, place and manner of Store Closing Sales,

thereby providing adequate safeguards to protect shopping center landlords and their other tenants, while allowing the Trustee to fulfill its fiduciary obligations"). A landlord's interests in its lease and the premises it leases to a debtor are further evidenced by the allowance of landlords' stub rent claims in this Court and the District Court pursuant to section 503(b) of the Bankruptcy Code. *See In re Goody's Family Clothing Inc.*, 401 B.R. 656, 665 (D. Del. 2009) (affirming Judge Sontchi's allowance of stub rent claims under section 503(b)(1) of the Bankruptcy Code).

11. With an interest in property being used by the Debtors, and their request made herein, the Landlords are entitled to receive adequate protection, and the Bankruptcy Court must order that they do so.

12. Section 361 of the Bankruptcy Code makes clear that adequate protection may take one of three forms: a debtor may (i) tender an upfront cash payment or periodic cash payments, (ii) grant replacement liens, or (iii) grant other related relief (other than an administrative claim under section 503(b)(1) of the Bankruptcy Code) amounting to the indubitable equivalent of the protected party's interest in the property. *Section 361(3) expressly states that adequate protection may not take the form of a deferred administrative claim.* Under section 361 of the Bankruptcy Code, only a contemporaneous transfer of value satisfies the requirements of adequate protection.

13. In this case, with the Debtors selling substantially all of their assets commencing as early as January 7, 2015, and declaring their intent to deliver all of those sale proceeds to only their secured creditors, adequate protection for the Landlords requires the immediate payment of the Stub Rent before any sale proceeds are given to the Debtors' secured lenders whose collateral is being liquidated in the Landlords' stores.[2]

---

[2] To the extent the Debtors claim they are unable to pay the Stub Rent due to constraints of their DIP Financing, the Landlords request that the Court deny the secured lenders' request for a waiver of Section

**II.     SECTION 365(d)(3) REQUIRES THE DEBTORS TO IMMEDIATELY PAY THE STUB RENT TO THE LANDLORDS FOR THE POSTPETITION USE OF THE LEASED PREMISES**

14.     Section 365(d)(3) of the Bankruptcy Code requires a debtor to timely perform all obligations that arise from and after the petition date. 11 U.S.C. 3656(d)(3); *see In re Buyer's Club Markets, Inc.*, 115 B.R. 700, 702 (Bankr. D. Col. 1990). ("The language of [Bankruptcy] Code § 365(d)(3) is clear that the obligation of the Debtor to perform in a timely manner is mandatory, not permissive.").

15.     Bankruptcy Courts in Delaware have traditionally used the "billing date" approach, and indeed, Judge Sontchi in *Goody's Family Clothing*, 401 B.R. 656, held that section 365(d)(3) does not require immediate payment of stub rent.

16.     While the landlords in *Goody's Family Clothing* did not appeal Judge Sontchi's ruling on Section 365(d)(3), in her opinion affirming Judge Sontchi's ruling that landlords are entitled to stub rent claims under Section 503(b)(1), District Judge Buhm, in a lengthy dicta footnote, expressed skepticism that section 365(d)(3) does not apply to stub rent. First, the court suggested treating rent as a recurring obligation that arises daily, rather than at the beginning of the month or some other date designated in the lease, regardless of how a lease is drafted. Second, the court suggested treating the end of any applicable grace periods as the date that the rent becomes due, and treating the designated due date as simply the option to pay early. Finally, the Court suggested that the default clauses in leases create new obligations postpetition which require payment of all unpaid rent plus any applicable penalties. *Id.*

17.     In light of Judge Buhm's guidance in *Goody's Family Clothing* that section 365(d)(3) does indeed apply to stub rent claims, the Landlords request that the Court

---

506(c) of the Bankruptcy Code, and compel the Debtors to surcharge the secured lenders' collateral so as to be able to immediately pay the Stub Rent to the Landlords.

6

order the Debtors to immediately pay the Stub Rent to the Landlords pursuant to Section 365(d)(3) of the Bankruptcy Code.

WHEREFORE, the Landlords respectfully request that the Court enter an Order requiring the Debtors to immediately, and prior to making any payments of sale proceeds to their secured lenders, indefeasibly pay to the Landlords the Stub Rent (1) as adequate protection required by sections 363(e) and 361 of the Bankruptcy Code for the Debtors' postpetition use of the Landlords' property, and/or (2) as timely performance of the Debtors' obligations due under the Leases pursuant to section 365(d)(3) of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| Dated: | December 19, 2014<br>New York, New York | KELLEY DRYE & WARREN LLP |

       /s/ Gilbert R. Saydah Jr.
James S. Carr
Robert L. LeHane
Gilbert R. Saydah Jr. (DE Bar No. 4304)
101 Park Avenue
New York, New York 10178
Tel: (212) 808-7800
Fax: (212) 808-7897

Counsel for GGP Limited Partnership, LP,
DDR Corp., Gregory Greenfield & Associates, Ltd.,
Jones Lang LaSalle Americas, Inc., and
Rouse Properties, Inc.

SIMON PROPERTY GROUP, INC.

       /s/ Ronald M. Tucker
Ronald M. Tucker
Vice President / Bankruptcy Counsel
225 W. Washington Street
Indianapolis, Indiana 46204
Telephone: (317) 263-2346
Facsimile: (317) 263-7901

CONNOLLY GALLAGHER LLP

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
Kelly M. Conlan (#4786)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7300
Facsimile: (302) 757-7299
Email: kbifferato@connollygallagher.com
Email: kconlan@connollygallagher.com

and

Vanessa P. Moody
Douglas B. Rosner
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110
Telephone: (617) 482-1776
Facsimile: (617) 574-4112
Email: vmoody@goulstonstorrs.com

Counsel to SK Drive Properties LLC


ROBINSON BROG LEINWAND GREENE
GENOVESE & GLUCK P.C.

*/s/ Fred B. Ringel*
Fred B. Ringel
875 Third Avenue, 9th Floor
New York, New York 10022-0123
Tel: (212) 603-6300
Facsimile: (212) 956-2164

Counsel for North Riverside Park Mall Associates

**EXHIBIT A**

**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>DEB STORES HOLDING LLC, *et al*.,[3]<br><br>Debtors. | Chapter 11<br><br>Case No. 14–12676 (KG)<br>Jointly Administered<br><br>Re:  D.I. _____ |

**ORDER GRANTING REQUEST FOR ADEQUATE PROTECTION AND
MOTION FOR IMMEDIATE PAYMENT OF STUB RENT**

Upon consideration of the *Request For Adequate Protection And Motion Of Certain Landlords Pursuant To Sections 361, 363(E), 365(D)(3), 503(B)(1) And 105(A) Of The Bankruptcy Code For Entry Of An Order Requiring The Debtors To Immediately Pay December Stub Rent (I) As Adequate Protection For The Postpetition Use Of The Landlords' Property, And/Or (II) As Required By Section 365(D)(3) Of The Bankruptcy Code, And Granting Such Other And Further Relief As Is Just And Proper* (D.I. ___) (the "Motion"),[4] and this Court having found that it has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of Debtors' estates, their creditors, and other parties in interest; and notice of the Motion and the opportunity for a hearing on the Motion was

---

[3] The above-captioned debtors in these proceedings (collectively, the "Debtors") (including the last four digits of their respective taxpayer identification numbers) are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4455), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842).  The Debtors' corporate headquarters is located at 9401 Blue Grass Road, Philadelphia, PA 19114.

[4] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

proper and appropriate under the particular circumstances; and this Court having reviewed the Motion and having considered the statements in support of the relief requested therein; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion and request for adequate protection is GRANTED.

2. Pursuant to sections 105(a), 361, 363(e), 365(d)(3) and 503(b)(1) of the Bankruptcy Code, the Debtors are directed to immediately (in no case later than one business day following entry of this Order) indefeasibly pay the Stub Rent shown on Exhibit 1 hereto to the Landlords. The Debtors shall not make any payments of any type to their secured creditors (or any affiliates), or make any payments on account of any secured debt, until they have indefeasibly paid all of the Stub Rent to the Landlords (via wire transfer or by check with such funds having cleared their bank).

3. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January ___, 2015
       Wilmington, Delaware

_____
THE HONORABLE KEVIN GROSS
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1 TO PROPOSED ORDER

**GGP LIMITED PARTNERSHIP**

| Mall Name | Location | Stub Rent |
|---|---|---|
| Boise Towne Square | Boise, Idaho | 8,898.58 |
| Brass Mill Center | Waterbury, Connecticut | 8,876.00 |
| Carolina Place | Pineville, NC | 14,208.65 |
| Columbia Mall MO | Columbia, Missouri | 12,936.90 |
| Crossroads Center MN | St. Cloud, Minnesota | 14,782.19 |
| Deerbrook Mall | Humble, Texas | 9,081.94 |
| Eastridge Mall WY | Casper, WY | 7,284.52 |
| Florence Mall | Florence, Kentucky | 9,195.74 |
| Four Seasons Town Centre | Greensboro, NC | 11,874.71 |
| Fox River Mall | Appleton, Wisconsin | 18,399.61 |
| Glenbrook Square | Fort Wayne, Indiana | 18,855.74 |
| Hulen Mall | Fort Worth, Texas | 13,785.94 |
| Neshaminy Mall | Bensalem, PA | 6,039.87 |
| Newgate Mall | Ogden, Utah | 7,532.00 |
| NorthTown Mall | Spokane, Washington | 9,445.94 |
| Oak View Mall | Eau Claire, Wisconsin | 4,064.52 |
| Oakwood Mall WI | Owings Mills, MD | 6,699.45 |
| Park City Center | Lancaster, PA | 10,868.52 |
| Provo Towne Centre | Provo, Utah | 8,596.62 |
| Quail Springs Mall | Oklahoma City, OK | TO BE PROVIDED |
| Red Cliffs Mall | St. George, Utah | 8,434.32 |
| River Hills Mall | Mankato, Minnesota | 8,839.87 |
| Rivertown Crossings | Grandville, Michigan | 17,723.10 |
| Rogue Valley Mall | Medford, Oregon | 6,020.90 |
| Southwest Plaza | Littleton, Colorado | 1,912.26 |
| Spokane Valley Mall | Spokane Valley, Washington | 6,730.03 |
| The Crossroads MI | Portage, Michigan | 15,132.65 |
| Westroads Mall | Omaha, Nebraska | 12,419.35 |
| White Marsh Mall | Baltimore, MD | 18,187.35 |
| Woodbridge Center | Woodbridge, NJ | 17,070.97 |

**JONES LANG LASALLE AMERICAS, INC.**

| Mall Name | Location | Stub Rent |
|---|---|---|
| Townmall of Westminster | Westminster, MD | 2,923.44 |

## DDR CORP.

| Mall Name | Location | Stub Rent |
|---|---|---|
| Glen Ridge Square I | Grand Rapids, MI | 10,072.90 |
| Springfield Commons | Toledo, OH | 11,287.68 |
| Riverdale Village | Coon Rapids, MN | 13,444.78 |
| Fairlane Green | Allen Park, MI | 12,083.35 |
| Waterside Marketplace | Chesterfield, MI | 10,741.16 |
| White Oak Village | Richmond, VA | 4,634.63 |

## GREGORY GREENFIELD AND ASSOCIATES

| Mall Name | Location | Stub Rent |
|---|---|---|
| Killeen Mall | Killeen, TX | 6,260.46 |
| Central Mall | Ft. Smith, Arkansas | 5,645.16 |
| Salem Center | Salem, OR | 10,081.25 |
| Westgate Mall | Amarillo, TX | 12,866.38 |

## ROUSE PROPERTIES

| Mall Name | Location | Stub Rent |
|---|---|---|
| Animas Valley Mall | Farmington, NM | 10,824.84 |
| Sikes Center | Wichita Falls, TX | 7,497.07 |
| Birchwood Mall | Port Huron, MI | 12,077.20 |
| Colony Square | Zanesville, OH | 4,286.10 |
| Grand Traverse | Grand Traverse, MI | 13,885.93 |
| Lansing Mall | Lansing, MI | 5,268.81 |
| Salsbury Mall | Salsbury, MD | 10,313.12 |
| Spring Hill Mall | West Dundee, IL | 6,167.81 |

## SK DRIVE PROPERTIES LLC

| Mall Name | Location | Stub Rent |
|---|---|---|
| The Marketplace | Augusta, ME | 12,112.58 |

## NORTH RIVERSIDE PARK MALL ASSOCIATES

| Mall Name | Location | Stub Rent |
|---|---|---|
| North Riverside Park Mall | North Riverside Il | 17,006.83. |

**SIMON PROPERTY GROUP, INC.**

| Mall Name | Location | Stub Rent |
|---|---|---|
| Apple Blossom Mall | | TO BE PROVIDED |
| Bangor Mall | | TO BE PROVIDED |
| Battlefield Mall | | TO BE PROVIDED |
| Bay Park Square | | TO BE PROVIDED |
| Birch Run Premium Outlets | | TO BE PROVIDED |
| Castleton Square | | TO BE PROVIDED |
| Chautauqua Mall | | TO BE PROVIDED |
| Colorado Mills | | TO BE PROVIDED |
| Emerald Square | | TO BE PROVIDED |
| Empire Mall | | TO BE PROVIDED |
| Forest Mall | | TO BE PROVIDED |
| Galleria at White Plains | | TO BE PROVIDED |
| Grapevine Mills | | TO BE PROVIDED |
| Great Lakes Mall | | TO BE PROVIDED |
| Greendale Mall | | TO BE PROVIDED |
| Greenwood Park Mall | | TO BE PROVIDED |
| Gurnee Mills | | TO BE PROVIDED |
| Independence Center | | TO BE PROVIDED |
| Ingram Park Mall | | TO BE PROVIDED |
| Lehigh Valley Mall | | TO BE PROVIDED |
| Lima Mall | | TO BE PROVIDED |
| Lindale Mall | | TO BE PROVIDED |
| Mall at Rockingham Park | | TO BE PROVIDED |
| Maplewood Mall | | TO BE PROVIDED |
| Mesa Mall | | TO BE PROVIDED |
| Miller Hill Mall | | TO BE PROVIDED |
| Northwoods Mall | | TO BE PROVIDED |
| Oxford Valley Mall | | TO BE PROVIDED |
| Pheasant Lane Mall | | TO BE PROVIDED |
| River Oaks Center | | TO BE PROVIDED |
| Rockaway Townsquare | | TO BE PROVIDED |
| Rushmore Mall | | TO BE PROVIDED |
| Southern Hills Mall | | TO BE PROVIDED |
| Southridge Mall | | TO BE PROVIDED |
| Square One Mall | | TO BE PROVIDED |
| St. Charles Towne Center | | TO BE PROVIDED |
| The Mall at Tuttle Crossing | | TO BE PROVIDED |
| Tippecanoe Mall | | TO BE PROVIDED |
| Town Center at Aurora | | TO BE PROVIDED |
| Towne East Square | | TO BE PROVIDED |
| Towne West Square | | TO BE PROVIDED |
| University Park Mall | | TO BE PROVIDED |
| West Ridge Mall | | TO BE PROVIDED |
| West Town Mall | | TO BE PROVIDED |
| White Oaks Mall | | TO BE PROVIDED |