IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DEB STORES HOLDING LLC, *et al.*, ) | Case No. 14-12676 (KG) |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | **Obj. Deadline: 12/31/14 by 5:00 p.m.** |
| ) | **Hearing Date: 1/7/15 at 11:00 a.m.** |

## OBJECTION OF SK DRIVE PROPERTIES LLC
## TO DEBTORS' PROPOSED CURE AMOUNT

SK Drive Properties LLC (the "Landlord") hereby objects to the cure amount proposed by the above-captioned debtors (the "Debtors") in the *Unexpired Lease or Executory Contract Assumption and Cure Notice* (the "Cure Notice") dated December 19, 2014. In further support of this Objection, the Landlord states as follows:

### Cure Objection

1. The Landlord and one of Debtors are parties to an unexpired lease of nonresidential real property located at The Marketplace at Augusta, Augusta, Maine (the "Lease").

2. In the Cure Notice, the Debtors assert that the cure amount in respect of the Lease is $15,252.88 (the "Proposed Cure Amount").

3. The Landlord objects to the Debtors' Proposed Cure Amount and states that the amount outstanding under the Lease as of December 29, 2014 is at least $29,328.77 (exclusive of attorneys' fees and costs), as shown in Exhibit A hereto (the "Landlord Cure Claim"). In addition, the Landlord Cure Claim is subject to upward adjustment for any amounts that are billed or become due under the Lease after December 29, 2014, including, without limitation, January 2015 rent charges and any year-end additional rent true-up amounts and other

{05143123.DOC.}

reconciliations that may later be billed by the Landlord and payable by the Debtors or their assignee under the Lease.

4. Similarly, any order approving the assumption and assignment of the Lease should provide that the assignee of the Lease shall be liable for any and all accrued, but unbilled, charges arising under the Lease, whether or not such charges relate to a period of time prior to assignment of the Lease.

5. Finally, the Landlord is entitled to be reimbursed, under Section 20.9 of the Lease and pursuant to section 365(b)(1)(B) of the Bankruptcy Code, for its actual pecuniary losses, including, but not limited to, attorneys' fees and costs incurred in connection with the Debtors' chapter 11 cases. As of December 29, 2014, postpetition attorneys' fees and costs incurred in connection with the cases were at least $2,992.25. The Landlord Cure Claim should also include any additional reasonable attorneys' fees and costs incurred by the Landlord between December 29, 2014 and the date on which the Lease may be assumed by the Debtors and assigned.

## **RESERVATION OF RIGHTS**

6. The Landlord reserves the right to supplement this Objection with additional charges, obligations and costs (including attorney's fees and expenses) that may hereafter arise under the Lease. The Landlord further reserves the right to raise additional objections prior to or at the January 7, 2015 hearing on any assumption and assignment of the Lease, including, without limitation, objections to the sufficiency of evidence of adequate assurance of future performance provided by any successful bidder at auction to which the Debtors intend to assume and assign unexpired leases.

WHEREFORE, the Landlord respectfully requests that the Court enter an order:

    (i) allowing the Landlord Cure Claim in the amount of $29,328.77 (as may be upwardly adjusted to account for any non-payment of January 2015 rent

charges and any year-end additional rent true-up amounts and other reconciliations that may be billed by the Landlord and payable by the Debtors or their assignee under the Lease after the date hereof), *plus* attorneys' fees and costs in the additional amount of at least $2,992.25, *plus* additional reasonable attorneys' fees and costs incurred between December 29, 2014 and the date on which the Lease may be assumed by the Debtors and assigned;

(ii) directing the Debtors and/or any assignee of the Lease to pay the Landlord the above amounts immediately upon the Debtors' assumption and assignment of the Lease;

(iii) requiring that any assignee of the Lease be liable for any and all accrued, but unbilled, charges and other obligations under the Lease, whether or not such charges and obligations relate to a period of time prior to assignment of the Lease; and

(iv) granting to the Landlord such other and further relief as the Court deems just and proper.

Dated: December 30, 2014

CONNOLLY GALLAGHER LLP

*/s/ Karen C. Bifferato*

Karen C. Bifferato (#3279)
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Telephone: (302) 757-7000
Facsimile: (302) 757-7280
Email: kbifferato@connollygallagher.com

- and -

Douglas B. Rosner, Esquire
Vanessa P. Moody, Esquire
Goulston & Storrs PC
400 Atlantic Avenue
Boston, MA 02110-3333
Telephone: (617) 482-1776
Facsimile: (617) 574-4112

Coun*sel for SK Drive Properties LLC*