**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
|  | Chapter 11 |
| In re: | Case No. 14-12676 (KG) |
| DEB STORES HOLDING LLC, et al. | (Jointly Administered) |
| Debtors. | Ref. Docket No. 37 |

**LIMITED OBJECTION OF MN MAINE, L.L.C.
TO DEBTORS' STATEMENT OF CURE COSTS**

MN MAINE, L.L.C., a Delaware limited liability company (the "Landlord"), by its attorneys, hereby submits this limited objection (the "Objection") to the proposed cure amount in connection with the proposed assumption and assignment of the Debtors' executory contract with Landlord.

**INTRODUCTION**

1. On or about December 5, 2014 (the "Petition Date") Deb Stores Holding LLC and its affiliate debtors, including Deb Shops SDW LLC, a Delaware limited liability company (the "Tenant"), filed petitions for relief under Chapter 11 of the Bankruptcy Code.

2. On or about December 18, 2014, the Court entered an order [Docket No. 159] (the "Procedures Order") approving certain cure procedures (the "Cure Procedures") in connection with a proposed sale of certain of the Tenant's assets.

3. By notice dated on or about December 19, 2014 (the "Cure Notice"), the Debtor's provided the following proposed cure statement in regard to the Lease:

| Store No. | Counterparty / Notice Party & Address | Contract Description | Nov Due | Dec 1st- 3rd Rent | Dec. 4th – 31st Rent | Cure Payment |
|---|---|---|---|---|---|---|
| 126 | NORTHMARQ REAL 10350 BREN ROAD WEST MINNETONKA, MN 55343 | Real Property Lease (Location: Shoppes on Maine) | $12,620.01 | $1,221.29 | $11,398.72 | $13,841.30 |

6860234v1

-2-

4. The Cure Notice further states that "the cure amount shall also include the amount of postpetition rent set forth herein to the extent unpaid as of the date of assumption and assignment of the Lease."

5. Landlord respectfully submits this limited Objection in accordance with the Cure Procedures and Cure Notice.

## BACKGROUND FACTS

6. Landlord (formerly known as Maine Land, L.L.C.) and Tenant (as successor in interest to Deb Shoppes of Minnesota, Inc.) are parties to that certain Shopping Center Lease dated May 20, 2008, as amended by that certain First Amendment to Shopping Center Lease dated June 23, 2011, and further amended by that certain Second Amendment to Shopping Center Lease dated June 29, 2012 and certain Third Amendment to Shopping Center Lease dated on or about June 21, 2013 (collectively, the "Lease"). Pursuant to the Lease, Landlord has leased to Tenant approximately 7,853 square feet of Floor Area (the "Premises") in the shopping center commonly known as Shoppes on Maine, located at Rochester, Minnesota (the "Shopping Center"). Terms not otherwise defined in this Objection shall be defined in accordance with the Lease.

## THE REQUIREMENTS OF 11 U.S.C. § 365

7. Tenant is in default of the Lease. As a result of Tenant's default, Tenant must comply with the provisions of 11 U.S.C. § 365 in order to assume and assign the Lease. Section 365 states, in pertinent part:

> (b)(1) if there has been a default in an executory contract or unexpired lease of the Debtor, the Trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the Trustee –

(A)    cures, or provides adequate assurance that the Trustee will promptly cure, such default other than a default that is a breach of a provision relating to the satisfaction of any provision (other than a penalty range or penalty provision) relating to a default arising from any failure to perform nonmonetary obligations under an unexpired lease of real property…'

(B)    compensates or provides adequate assurance that the Trustee will promptly compensate, a party other than the Debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C)    provides adequate assurance of future performance under such contract or lease.

## **OBJECTION**

8.    Section 365(b)(1) makes it clear that defaults must be cured as of the time of assumption. Such defaults include both prepetition and postpetition defaults. See In re Stoltz, 315 F.3d 80 (2d Cir. 2002); In re Liljeberg Enters, Inc., 304 F.3d 410 (5th Cir. 2002); In re Overland Park Fin. Corp., 236 F.3d 1246 (10th Cir. 2001); In re Building Block Childcare Ctrs., Inc., 234 B.R. 762 (9th Cir. B.A.P. 1999). Unless the Tenant Pays to Landlord sufficient funds to cure all existing defaults up to the time of assumption, together with adequate assurance of future performance under each of the Leases, the Leases may neither be assumed nor assigned.

9.    The basic rent amounts set forth in the Cure Notice are consistent with the Landlord's books and records. However, certain rent amounts, including Common Area charges and Taxes have historically been paid based on estimates provided by the Landlord. In order to assume the Lease, the proposed assignee must pay any and all additional amounts that may become due following a final reconciliation of all such Common Area charges and Taxes and similar charges constituting Additional Rent under the Lease.

**RESERVATION OF RIGHTS**

10. The Landlord has not, by this Limited Objection or otherwise, waived any other objections to the proposed assumption and assignment of the Lease, including, without limitation, any objections based upon the proposed assignee's failure to provide the Landlord with adequate assurance of future performance with respect to the Lease.

WHEREFORE, MN Maine, L.L.C. respectfully requests that the Court:

(a) Deny assumption and assignment of the Lease unless the all amounts due and accrued under the Lease, including all Minimum Rent and Additional Rent are paid in full at the time of such assumption or assignment, or as such amounts may become due and payable following the date of such assumption and assignment; and

(b) Grant the Landlord such other and further relief as the Court may deem just and equitable.

Dated: December 30, 2014  **ASHBY & GEDDES, P.A.**

*/s/ Karen B. Skomorucha Owens*
Ricardo Palacio (#3765)
Karen B. Skomorucha Owens (#4759)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
Telephone: (302) 654-1888
Facsimile: (302) 654-2067
Email: rpalacio@ashby-geddes.com
          kowens@ashby-geddes.com

-and-

6860234v1

-5-

**BRIGGS AND MORGAN**
Richard D. Anderson
2200 IDS Center
80 South 8th Street
Minneapolis, MN 55402
Telephone: (612) 977-8400
Facsimile: (612) 977-8650
Email: randerson@briggs.com

*Counsel to MN Maine L.L.C.*