IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>DEB STORES HOLDING LLC, et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-12676 (KG)<br>(Jointly Administered)<br><br>**Re: Docket Nos. 37 and 159** |

**CAPREF LLOYD CENTER LLC'S OBJECTION TO DEBTORS' UNEXPIRED LEASE OR EXECUTORY CONTRACT ASSUMPTION AND CURE NOTICE**

CAPREF Lloyd Center LLC ("CLC"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the proposed cure amounts in connection with the above-captioned debtors and debtors-in-possession's (collectively, the "Debtors") *Unexpired Lease or Executory Contract Assumption and Cure Notice* (the "Cure Notice"). In further support of this Objection, CLC respectfully represents as follows:

1. On December 4, 2014 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On December 18, 2014, the Court entered the *Order (I)(A) Authorizing Entry Into Agency Agreement, (B) Authorizing Bidding Protections, (C) Authorizing Bidding Procedures and Auction and (D) Scheduling Sale Hearing and Approving Notice Thereof and (II) Granting Related Relief* [D.I. 159] (the "Order"). The Order approved, *inter alia*, certain procedures related to cure amounts and the assumption and assignment of executory contracts and unexpired leases (the "Cure Procedures").

3.      CLC is the owner of property located at Lloyd Center Mall, 2201 Lloyd Center, Portland, Oregon 97232 (the "Property"), a potion of which the Debtors lease from CLC pursuant to a written lease agreement (the "Lease").[1]  The Debtors continue to use and occupy the Property.

4.      On December 19, 2014, the Debtors served the Cure Notice, which provides the following proposed cure statement in regards to the Lease and the alleged amounts owed thereunder:

| Store No. | Counter Party/Address | Contract Description | Nov. Due. | Dec. 1st – Dec. 3rd Rent | Dec. 4th – December 31st Rent | Cure Payment |
|---|---|---|---|---|---|---|
| 410 | Cypress Equities[2] PO Box 31001 Pasadena, CA | Real Property Lease | $14,658.66 | $1,418.58 | $13,240.08 | $16,077.24 |

5.      CLC disagrees with the amounts listed in the Debtors' Cure Notice.  Specifically, prior to the Petition Date, the Debtors had a total delinquency under the Lease of $17,127.94, which amount represents (i) pre-November 1, 2014 rent delinquencies in the amount of $100.30, (ii) unpaid November rent in the full amount of $15,526.54, and (iii) unpaid rent for the period December 1 through December 3 in the amount of $1,501.10.  Postpetition, the Debtors owe CLC $14,010.26 for rent for the period from December 4 through December 31.[3]

6.      Bankruptcy Code section 365(b)(1) provides that a debtor may not assume an unexpired lease on which there has been a default unless it: (a) cures the default or provides adequate assurance that the default will be promptly cured; (b) compensates or

---

[1] A copy of the Lease will be made available upon request to counsel for CLC.
[2] Cypress Equities is the third-party manager of the Property pursuant to a contract with the landlord, CLC.
[3] Pursuant to the Lease, the rent and related charges owed for December 2014 equal $15,511.36.  CLC reserves the right to amend the amounts due and owing to the extent that information relating to additional amounts becomes available.

provides adequate assurance that any pecuniary loss of the counterparty resulting from the default will be promptly compensated; and (c) provides adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

7. The Cure Notice understates the actual amount owed by the Debtors to CLC pursuant to the Lease. As indicated above, the Debtors owe CLC $17,127.94 on account of prepetition defaults and $14,010.26 for the period from the Petition Date through December 31, 2014. If the Debtors remain in possession of the Property beyond December 31, 2014, they will owe additional amounts on account of rent and other charges as provided by the Lease.[4]

WHEREFORE, for all of the foregoing reasons, CLC respectfully requests that the Court deny the assumption and assignment of CLC's Lease unless all amounts due and accrued under the Lease are paid in full and grant CLC such other and further relief as this Court deems just and appropriate.

Dated: December 31, 2014
       Wilmington, Delaware       BAYARD, P.A.

                                             /s/ Justin R. Alberto
                                             Justin R. Alberto (No. 5126)
                                             222 Delaware Avenue, Suite 900
                                             Wilmington, Delaware 19899
                                             Telephone: (302) 655-5000
                                             Facsimile: (302) 658-6395
                                             Email: jalberto@bayardlaw.com

                                                   -and-

---

[4] Concurrently with the filing of this Objection, CLC filed the *CAPREF Lloyd Center LLC's Joinder in Request For Adequate Protection and Motion of Certain Landlords Pursuant to Sections 361, 363(e), 365(d)(3), 503(b)(1) and 105(a) of the Bankruptcy Code for Entry of an Order Requiring the Debtors to Immediately Pay December Stub Rent (I) as Adequate Protection for the Postpetition Use of the Landlords' Property and/or (II) as Required by Section 365(d)(3) of the Bankruptcy Code, and Granting Such Other and Further Relief as is Just and Proper* [D.I. 236] (the "Joinder"). CLC incorporates the Joinder into this Objection as if it is fully set forth herein.

> PATRAS WILLIAMS, LLC
> Amy M. Williams, Esquire
> 14 Countryside Lane, Suite 100
> Ringwood, New Jersey 07456
> Telephone: (973) 616-0217
> Facsimile: (866) 542-1385
> Email: awilliams@pwjlaw.com
>
> *Counsel for CAPREF Lloyd Center LLC*