IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DEB STORES HOLDING LLC, *et al.*,[1] | Case No. 14-12676 (KG) |
| Debtors. | (Jointly Administered) |
| | Objection Deadline: Dec. 31, 2014 at 4:00 p.m. (ET)<br>Hearing Date: Jan. 7, 2014 at 9:00 a.m. (ET) |
| | Related to Docket No. 37, 96, 159 & 229 |

**OBJECTION OF PCK DEVELOPMENT COMPANY, L.L.C. AND FINGERLAKES MALL ACQUISITION, LLC TO THE DEBTORS' (1) MOTION FOR ORDERS (I)(A) AUTHORIZING ENTRY INTO AGENCY AGREEMENT, (B) AUTHORIZING BIDDING PROTECTIONS, (C) SCHEDULING SALE HEARING AND APPROVING NOTICE THEREOF; (II) AUTHORIZING (A) SALE OF ASSETS AND (B) STORE CLOSING SALES AND (III) GRANTING RELATED RELIEF AND (2) UNEXPIRED LEASE OF EXECUTORY CONTRACT ASSUMPTION AND CURE NOTICE, AND JOINDER IN OBJECTIONS OF OTHER LANDLORDS**

PCK Development Company, L.L.C. ("PCK") and Fingerlakes Mall Acquisition, LLC ("Fingerlakes") (collectively the "Landlords") by and through their attorneys, Menter, Rudin & Trivelpiece, P.C. and Ballard Spahr LLP, bring this *Objection to the Debtor's (1) Motion for Orders (i)(a) Authorizing Entry Into Agency Agreement, (b) Authorizing Bidding Protections, (c) Scheduling Sale Hearing and Approving Notice Thereof; (ii) Authorizing (a) Sale of Assets and (b) Store Closing Sales and (iii) Granting Related Relief and (2) Unexpired Lease or Executory Contract Assumption and Cure Notice* (the "Objection") and *Joinder in Objections of Other Landlords* (the "Joinder").

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4755), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842). The location of the Debtors' headquarters and the service address for each of the Debtors is 9401 Blue Grass Road, Philadelphia, PA 19114.

1

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

2. On December 4, 2014 (the "Petition Date") the above captioned debtors (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")[2] with the Court.

3. Upon information and belief, the Debtors are operating their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4. The Landlords and certain of the Debtors are parties to unexpired leases of nonresidential real property pursuant to written leases (collectively the "Leases") of premises (collectively the "Premises") located at (i) Hudson Valley Mall in Ulster, New York and (ii) Fingerlakes Mall, Auburn, New York.

5. On December 5, 2014, the Debtors filed a *Motion for Orders (i)(a) Authorizing Entry Into Agency Agreement, (b) Authorizing Bidding Protections, (c) Scheduling Sale Hearing and Approving Notice Thereof; (ii) Authorizing (a) Sale of Assets and (b) Store Closing Sales and (iii) Granting Related Relief* (the "Sale Motion"). (D.I. 37.)

6. The Debtors propose to sell the right to conduct store closing sales to either a stalking horse bidder comprised of a joint venture of Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (collectively the "Stalking Horse"), or another successful

---

[2] All statutory references hereinafter are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, unless otherwise indicated.

bidder at an auction to be held on January 6, 2015. The Leases are included in the assets to be sold in the auction and the Debtors may seek to assume and assign the Leases to a successful bidder. The Stalking Horse intends to conduct store closing sales at the Debtors' stores and a proposed agency agreement between the Debtors and the Stalking Horse has been filed with the Motion with proposed guidelines for conducting store closing sales (the "GOB Sale Guidelines").

7. On December 18, 2014, the Court entered an *Order (i)(a) Authorizing Entry into Agency Agreement, (b) Authorizing Bidding Protections, (c) Authorizing Bidding Procedures and Auction and (d) Scheduling Sale Hearing and Approving Notice Thereof and (ii) Granting Related Relief* (the "Procedures Order"), which granted some of the relief sought in the Sale Motion. (D.I. 159.)

8. The Procedures Order approved among other things, the form of a cure and assumption notice to be provided to counterparties to unexpired leases and executory contracts and provided that notice of cure amount for such leases and executory contracts would be served within three business days of the date of the Procedures Order.

### PCK'S OBJECTION TO CURE AMOUNT

9. PCK has received an *Unexpired Lease or Executory Contract Assumption and Cure Notice*, which sets forth a pre-petition cure amount of $3,833.68 (the "Cure Amount"). The Cure Amount is insufficient because it fails to take into account accrued, but unbilled obligations, indemnity obligations, and attorneys' fees owed pursuant to the terms of the PCK Lease.

10. Any assignee must assume liability for all accrued, but unbilled rent and charges and indemnity obligations under the PCK Lease. Such obligations may include adjustments and

reconciliations relative to rent and charges which relate to periods before any assumption of the PCK Lease.  In addition, any assignee must assume liability for all obligations to indemnify and hold PCK harmless for events occurring prior to any assumption.  This result is mandated by the requirement that the Debtors provide adequate assurance of future performance under the PCK Lease.  *See* 11 U.S.C. §§ 365(b)(1)(A), (B) and 365(f)(2); *see also Elkton Associates v. Shelco Inc. (Matter of Shelco)*, 107 B.R. 483, 487 (Bankr. D. Del 1989).  Claims for indemnity may include, but are not limited to, (i) claims for personal injuries which occur at the Premises, where PCK  is joined as a party defendant; (ii) damage and destruction to the property by Debtors or their agents; and (iii) claims for environmental damage or environmental cleanup.

11. Furthermore, PCK is entitled to attorneys' fees incurred in enforcing the terms of its Lease.  Such fees are properly included in PCK's Cure Amount as actual pecuniary losses suffered by PCK.  *See In re Williams*, 2011 Bankr. LEXIS 2463, *3 (Bankr. D. Del. June 24, 2011) (Shannon, B.J.) ("It is beyond cavil that attorneys' fees incurred because of actions taken to enforce the underlying lease or contract may be properly recoverable as part of a cure payment if such lease or contract provides for attorneys' fees.").

## JOINDER

12. On December 15, 2014, Brixmor Property Group, Inc., Blue Grass Partnership, L.P., Phillips Edison & Company, and American Resurgens Management Corporation filed an objection to the Sale Motion.  (D.I. 96.)  On December 30, 2014, these landlords filed a second objection (these objections are referred to collectively as the "Brixmor Objections").  (D.I. 229.)  The Landlords hereby join the Brixmor Objections to the extent not inconsistent herewith.

13. In addition to the relief sought in the Brixmor Objections, the following additional relief should be provided in any order authorizing store closing sales:

(a) The Stalking Horse (or any other successful bidder) should not be permitted to include any of the following on its signage advertising going out of business sales: "Total Liquidation Sale," Court Ordered Sale, "Going Out of Business," "Bankruptcy Sale," Chapter 11 Sale," or "Lost Our Lease."

(b) None of the following should be permitted in conjunction with any sales at the Premises: tethered hot-air or other balloons or other inflatable devices, inflatable images, sandwich boards, A-Frames, rooftop advertising, vehicles advertising sales, flashing lights, strobe lights, large spotlights, bullhorns or any other type of amplified sound, and any other exterior signs in the common area of the shopping center.

(c) Any approved sales procedures should also provide that the Debtor and agent conducting the sales shall keep the Premises and the surrounding areas clear and orderly and shall abide by all shopping center regulations concerning maintenance, security, trash removal and similar health and safety requirements.

(d) Any approved sales procedures should also provide that the sales at the Premises shall conclude by the earlier of the expiration of the time for the Debtors' to assume or reject the Leases or April 30, 2014, unless the Landlords agree to extend such time in writing.

(e) Any approved sales procedures should also provide that the Landlords shall be provided with monthly reports of sales as required by the Leases.

(f) Any approved sales procedures should also provide that permitted signs and toppers shall be limited to three colors, in addition to black and white, and that such colors shall not include any neon or day-glo colors.

**RESERVATION OF RIGHTS**

14. The Landlords reserve their rights to supplement this Objection and Joinder and make such other and further objections as they deem necessary or appropriate, including, but not limited to, their rights to object to assumption and assignment of the Lease on account of a lack of adequate assurance of future performance of a proposed assignee.

**CONCLUSION**

**WHEREFORE**, the Landlords respectfully request that the Court deny the relief requested in the Motion or enter an Order granting relief consistent with the foregoing and any further relief the Court may deem just and proper.

Respectfully submitted,

Dated: December 31, 2014  
Wilmington, Delaware

*/s/ Leslie C. Heilman*
Leslie C. Heilman (No. 4716)
**BALLARD SPAHR, LLP**
919 N. Market Street, 11th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com

-AND-

Kevin M. Newman
Adam F. Kinney
**MENTER, RUDIN & TRIVELPIECE, P.C.**
308 Maltbie Street, Suite 200
Syracuse, New York 13204-1498
Telephone:    (315) 474-7541
Facsimile:    (315) 474-4040

*Attorneys for PCK Development Company, L.L.C. and Fingerlakes Mall Acquisition, LLC*