

800 Foxcroft Avenue, Martinsburg, WV 25401
ph 304.264.0017 / fax 304.264.4608
shopmartinsburgmall.com

FILED
2014 DEC 31  AM 8: 11
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

December 30, 2014

The United States Bankruptcy Court
Attn: Honorable Kevin Gross
824 North Market Street
6th Floor, Courtroom No. 3
Wilmington, Delaware 19801

Re: DEB SHOPS, Store No. 378 @ Martinsburg Mall ( Lease Agreement, dated July 17, 2005 )
    Case No. 14-12676 (KG)  /  Ref. Docket No. 37  /  Cure Objection

Dear Honorable Kevin Gross:

On behalf of Martinsburg Development Partners, LLC (Landlord) for the above referenced Leased Premises we hereby object to the Cure Costs as itemized on Exhibit A of the Cure Notice. Our objection is based on the grounds that the Cure Costs does not include Tenant's Allocable Share of all Real Property Taxes as defined in Article 4 – Taxes; Section 4.01 – Real Property Taxes of the Lease Agreement.

The Cure Costs as of December 3, 2014 is as follows:

| Store No. | Counterparty | Contract Description | Nov Due | Dec 1st-3rd Rent | Dec 4th-31st Rent | Cure Payment |
|---|---|---|---|---|---|---|
| 378 | Martinsburg Development Partners, LLC c/o Paramount Development Corp. 263 White Oak Drive Beckley, West Virginia 25801 | Lease Rent Real Estate Taxes | 4,166.66 8,303.24 | 403.23 74.58 | 3,763.43 696.08 | 4,569.89 8,377.82 **Total 12,947.71** |

Enclosed, are the supporting documentations for your review.

If there should be any questions please contact me at your earliest convenience.

Respectfully,

Robert D. Gardner
General Manager
rgardner@pdcmalls.com

cc:    Pachulski Stang Ziehl & Jones LLP, Attn: Laura Davis Jones and David M. Bertenthal
       Klee, Tuchin, Bogdanoff & Stern LLC, Attn: Michael L. Tuchin and David A. Fidler
       Riemer & Braunstein LLP, Attn: Steven E. Fox
       Hahn & Hesson LLP, Attn: Joshua I. Divack and Daniel M. Ford
       U.S. Trustee, Attn:  Mark Kenney

"CURE Objection"

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT For The District of Delaware | PROOF OF CLAIM |
|---|---|

Name of Debtor:

**DEB STORES Holding LLC, et Al,**

Case Number:

**14-12676 (KG)**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**MARTINSBURG DEVELOPMENT PARTNERS, LLC**

Name and address where notices should be sent:

**PARAMOUNT DEVELOPMENT CORPORATION**
**263 WHITE OAK DRIVE**
**BECKLEY, WV 25801**          **ATTN: ROBERT GARDNER**

Telephone number:          email:
**304·264·0017**          **RGARDNER@PDCMALLS.COM**

Name and address where payment should be sent (if different from above):

Telephone number:          email:

**COURT USE ONLY**

❐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
     *(If known)*

Filed on:_____

❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $ **12,947.71**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim: Real Property lease**
     (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: **4065 Store #378** (See instruction #3a) | 3b. Uniform Claim Identifier (optional): _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$ **12,947.71**

**Nature of property or right of setoff:** ❐Real Estate  ❐Motor Vehicle  ❐Other
**Describe:**

Basis for perfection: _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate_____%** ❐Fixed  or  ❐Variable
**(when case was filed)**

**Amount Unsecured:** $ **12,947.71**

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

*CURE Objection*

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: lease Agreement & 2013 Real Estate Tax Reconciliation used for Approximating 2014 Real Estate Tax

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Robert Gardner
Title: General Manager
Company: Paramount Development
Address and telephone number (if different from notice address above):
Martinsburg Mall
800 Foxcroft Avenue
Martinsburg WV 25401
Telephone number: 304 264 0017   email: rgardner@PDCmalls.com
(Signature)   12/30/2014 (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

"Cure Objection"

Exhibit A – Assumed Contracts

| Store No. | Counterparty/Notice Party & Address | Contract Description | Now Due | Dec 1st - 3rd Rent | Dec 4th - 31st Rent | Cure Payment * |
|---|---|---|---|---|---|---|
| 378 | ~~PARAMOUNT~~ C/O PARAMOUNT DEVELOPMENT CORP. 263 WHITE OAK DRIVE BECKLEY, WV 25801 → Martinsburg Development Partners, LLC | Real Property Lease (Location: Martinsburg) 2014 Real Estate Taxes Approximation | $4,166.66 Jan - Nov 8303.24 | $403.23 74.58 | $3,763.43 696.08 | $4,569.89 + 8377.82 12,947.71 |

* The cure amount shall also include the amount of postpetition rent set forth herein to the extent unpaid as of the date of assumption and assignment of the Lease.

1

# martinsburg
## MALL

800 Foxcroft Avenue, Martinsburg, WV 25401
ph 304.264.0017 / fax 304.264.4608
shopmartinsburgmall.com

*"CURE OBJECTION"*

*2013 YEAR END Real Estate Reconciliation is used to Approximate Tenant's Pro-Rata Share for Lease Year 2014. 2014 YEAR END Real Estate Reconciliation True-Up will be finalized once Accounting cycle has been closed.*

*Rg 12/30/14*

March 18, 2014

DEB
DEB of West Virginia, Inc.
9401 Blue Grass Road
Philadelphia, PA 19114

RE: Martinsburg Mall 2013 Year End Reconciliations, Deb #378, Suite 422

Dear Tenant:

Enclosed please find the reconciliation of expenses at Martinsburg Mall for year ending December 31, 2013. Below, is a summary of the pro-rata share of expenses per the terms of your lease.

| | | | |
|---|---|---|---|
| Reconciliation amount for | PROPERTY INSURANCE | (credit)/due* | n/a |
| Reconciliation amount for | REAL ESTATE TAX | (credit)/due* | 9,075.07 |
| Reconciliation amount for | COMMON AREA MAINTENANCE | (credit)/due* | n/a |
| Reconciliation amount for | FOOD COURT CAM | (credit)/due* | n/a |
| Reconciliation amount for | SECURITY | (credit)/due* | n/a |

Total (credit) / due                                    $ 9,075.07

If the reconciliation amount shows a balance due, please issue payment to:

Martinsburg Development Partners, LLC

Remittance Address:        Martinsburg Development Partners, LLC
c/o Martinsburg Mall
Attn: Lease Accounting Department
263 White Oak Drive
Beckley, West Virginia 25801

If the reconciliation amount shows a credit, the credit has been issued to your account and is available for you to take against your next month's rent. Should you have any questions, please contact me at your earliest convenience.

Sincerely,

Robert D. Gardner
General Manager
rgardner@pdcmalls.com

* All reconciliation amounts shown include applicable state tax due

CC:    L/F

**MARTINSBURG MALL**
800 Foxcroft Avenue
Martinsburg, WV 25401
304-264-1420

INVOICE
RE:  2013 RET Reconciliation

Tenant's Name: DEB
Suite # 422

| | |
|---|---|
| Real Estate Tax expense | 360,565.24 |
| Applicable denominator | 163,011 |
| Pro rata share rate (see enclosed) | $2.21 |
| Square foot | 9,415 |
| Days occupied/per year | 365/365 |
| Total due per occupancy | 20,807.15 |
| Base Year | 14,899.18 |
| Amount due based on Expense | 5,907.97 |
| Additional due – Common Area Taxes | 3,167.10 |
| Total amount due (to)/from tenant | 9,075.07 |

If you have any questions, please contact management office at number above.

**MARTINSBURG MALL**
**2013 TAX NUMERATOR/DENOMINATOR**
**DEB**

|  |  |
|---|---|
| Billing Method Number: | 62021 |
| Denominator: | GLA |
| Exclusions: | >50,000 |
| Floor: | N/A |
| Admin Fee Exclusions: | N/A |
| Admin: | N/A |

|  |  |
|---|---|
| Leasable (GLA) | 550,314 |
| Leased (GLOA) | |
| | |
| Less Department Store: | |
| TENANT GLA | (65,780) |
| TENANT GLA | (51,450) |
| TENANT GLA | (194,433) |
| TENANT GLA | (75,640) |
| | |
| Subtotal | 163,011 |
| Adjustment | 0 |
| **ADJUSTED SUBTOTAL** | 163,011 |
| Floor                 N/A | |
| **Billable GLOA/GLA** | 163,011 |
| | |
| Real Estate Tax Expense | 360,565.24 |
| Business & Occupation (Gross Receipts) Tax Expense | 0.00 |
| Admin Fee | 0.00 |
| | |
| Less Department Store Contribution: | |
| TENANT | 0.00 |
| TENANT | 0.00 |
| TENANT | 0.00 |
| TENANT | 0.00 |
| | |
| **Billable Tax Expense** | 360,565.24 |
| | |
| 2013 TAX NUMERATOR/DENOMINATOR | 2.21 |

Martinsburg Mall
**2013 Real Estate Tax Expense**

|                        | 2013 Real Estate Taxes |
|------------------------|------------------------|
| Other Oper-R/E Tax     | $     3,546.14         |
| Real Estate Taxes      | $ 357,019.10           |
| **Total RE Tax for RET Pool** | $ 360,565.24   |

**MARTINSBURG MALL**
**CALCULATION for ADDITIONAL COMMON AREA TAXES**
**DEB**

|  |  | 2013 |
|---|---|---|
| Leasable Square Footage |  | 550,314 |
| Common Area Square Footage |  | 117,279 |
| Total Square Footage |  | 667,593 |
| % Common Area allocated for taxes | (117,279/667,593) | 17.57% |
| Real Estate Taxes |  | 360,565.24 |
| Taxes attributable to Common Area |  | 63,342.08 |
| Deb's portion for additional common area | 5% | 3,167.10 |

*(3) P CK # Q 401*
*357,075.14  Cr. Ln .02*

## TAX RECEIPT

| DESCRIPTION | | COUNTY | | TAX YEAR | TICKET NO. |
|---|---|---|---|---|---|
| 59.94 ACRES MARTINSBURG MALL EXCLUDES WAL-MART & 9.09 ACRES | | BERKELEY | | 2013 | 37184 |
| | | DISTRICT | | | ACCOUNT NO. |
| | | 06-MARTINSBURG | | | 06062912 |

| | RATE | CLASS | ASSESSMENT | ASSESSMENT LESS EXEMPTION | TAX DUE (½ YEAR) |
|---|---|---|---|---|---|
| MAP/PARCEL:  16 0001 0000 3001 | | | | | |
| MOUNTAIN STATE UNIVERSITY BUILDING COMPANY 512 KANAWHA ST BECKLEY, WV  258025623 | 3.169600 | 4 | 11538750 | 11538750 | 182866.11 |
| | | | | TOTAL | 182866.11 |

| | |
|---|---|
| LESS 2½% DISCOUNT | 9143.30 |
| PLUS 9% INTEREST PER ANNUM | .00 |
| KENNETH LEMASTER, JR.  ADVERTISING AND RECEIPT FEES | .00 |
| SHERIFF & TREASURER   AMOUNT COLLECTED | 356588.92 |

| PAYMENT FOR | | DEPUTY |
|---|---|---|
| FULL YEAR PAYMENT REAL PROPERTY    PAID:  08/02/2013 | | TH |

PLEASE EXAMINE YOUR RECEIPT CAREFULLY AND BE SURE IT COVERS ALL REAL ESTATE OR PERSONAL PROPERTY.

# TAX RECEIPT

| DESCRIPTION | | COUNTY | TAX YEAR | TICKET NO. |
|---|---|---|---|---|
| 2.05 AC  LOT E<br>MARTINSBURG MALL | | BERKELEY | 2013 | 37185 |
| | | DISTRICT | | ACCOUNT NO. |
| | | 06-MARTINSBURG | | 07238824 |

| | RATE | CLASS | ASSESSMENT | ASSESSMENT LESS EXEMPTION | TAX DUE (½ YEAR) |
|---|---|---|---|---|---|
| MAP/PARCEL:   16 0001 0003 0000 | 3.169600 | 4 | 13920 | 13920 | 220.61 |
| | | | | TOTAL | 220.61 |

MOUNTAIN STATE UNIVERSITY
BUILDING COMPANY
512 S KANAWHA ST
BECKLEY, WV  258025623

| | |
|---|---|
| LESS 2½% DISCOUNT | 11.04 |
| PLUS 9% INTEREST PER ANNUM | .00 |
| ADVERTISING AND RECEIPT FEES | .00 |
| AMOUNT COLLECTED | 430.18 |

KENNETH LEMASTER, JR.
SHERIFF & TREASURER

| PAYMENT FOR | | DEPUTY |
|---|---|---|
| FULL YEAR PAYMENT REAL PROPERTY     PAID:   08/02/2013 | | TH |

**PLEASE EXAMINE YOUR RECEIPT CAREFULLY AND BE SURE IT COVERS ALL REAL ESTATE OR PERSONAL PROPERTY.**

RETURN THIS REMITTANCE PO... ON WITH YOUR PAYMENT

| | 09/26/2013 |
| | 09/06/2013 |
| | 90741300 |
| | $512.10 |

ACCOUNT
NUMBER    1430305-2877616

Your comments are important to us! Please use space provided on the reverse side.

PLASE REFER TO ACCOUNT NUMBER
N ALL INQUIRES

PLEASE DO NOT STAPLE OR FOLD THIS PORTION

6A    E

0929

ATTN: ACCOUNTS PAYABLE
MOUNTAIN STATE UNIVERSITY BUIL
800 FOXCROFT AVE
MARTINSBURG WV  25401-1829

GE CAPITAL C/O RICOH USA PROGRAM
PO BOX 740541
ATLANTA GA 30374-0541

01    0000000014303051    0000907413007    0000000000512103

# RICOH

Ricoh USA Program provided by GE Capital

Late charges will be assessed if payment is not received by the due date.

| | 90741300 |
| | 09/06/2013 |
| | 09/26/2013 |

ACCOUNT
NUMBER:    1430305-2877616                6A    E

For billing inquiries, please call Customer Service at number printed below. Please refer to account number on all inquiries.

MOUNTAIN STATE UNIVERSITY BUIL
ATTN: ACCOUNTS PAYABLE
800 FOXCROFT AVE
MARTINSBURG          WV 25401-1829

PLEASE CALL 1-800-595-1011 FOR ACCOUNT INQUIRIES

| | | | 301.36 | $512.10 |
| | | | 210.74 | |

RENT
PROPERTY TAX (ASSESSED:07/01/12)

EQUIPMENT DESCRIPTION ON SUMMARY REPORT

CURRENT BILLING PERIOD: 09/26/2013 - 10/25/2013

WE ARE REQUIRED BY LAW TO REPORT THE EQUIPMENT REFERENCED
ON THIS INVOICE FOR PROPERTY TAX ASSESSMENT PURPOSES.
PER YOUR LEASE AGREEMENT, YOU AGREED TO REIMBURSE
THE LESSOR FOR THE PROPERTY TAX WE PAID TO THE TAXING
JURISDICTION ON YOUR BEHALF.

YOU CAN ALSO MANAGE YOUR ACCOUNT ONLINE AT:
WWW.GETMYACCOUNTS.COM
- GO GREEN AND OBTAIN YOUR INVOICE ELECTRONICALLY
- MAKE PAYMENTS
- VIEW ACCOUNT AND PAYMENT HISTORY

V# 348442
75% 70500.045    226.02
25% 75500.065    75.34
70910.000    210.74

| CURRENT | CLEANS | 30 DAYS | FUNDED | THANK YOU FOR YOUR PROMPT PAYMENT | AMOUNT DUE |
|---------|--------|---------|--------|-----------------------------------|------------|
| 512.10 | 0.00 | 0.00 | 0.00 | | $512.10 |

RETAIN THIS INVOICE PORTION FOR YOUR RECORDS

FORM 10IN01 REV 02/24/201

# HONDA
# Financial Services

Statement Date: September 3, 2013

## MONTHLY STATEMENT



## Payment Information

| | |
|---|---|
| Payment Due Date | September 25, 2013 |
| Current Payment Due | $ 392.67 |
| Past Due | $ 392.67 |
| Total Fees Due | $ 360.80 |
| Total Amount Due | $ 1,146.14 |

Payoff Summary
| | |
|---|---|
| Payoff Amount | $ 21,187.30 |
| Payoff Good Through | September 25, 2013 |

**hondafinancialservices.com**

**Customer Service:**
(800) 517-9699
Automated response 24 hours, 7 days a week
Associates available weekdays from 9:00 am – 5:00 pm EST

**For Correspondence Only:**
Honda Financial Services
P.O. Box 49070
Charlotte, NC 28277

**For Payment Only:**
Honda Financial Services
P.O. Box 105027
Atlanta, GA 30348-5027

## Account Information

| | |
|---|---|
| Account Number | 154471813 |
| Vehicle Description | 2012 HONDA CR-V |
| VIN Number | 2HKRM4H39CH608995 |
| Regular Payment Amount | $ 392.67 |
| Maturity Date | June 25, 2015 |
| Payments Remaining | 22 |
| Annual Mileage Allowance | 20,000 |

### IMPORTANT

Your account is currently past due and this and other information about your account may be reported to the credit bureaus. Please see the Important NOTICE ABOUT NEGATIVE CREDIT REPORTING on the reverse side. This statement includes an amount from a prior billing, which is now past due. Go to hondafinancialservices.com to make a one-time payment or contact us for payment arrangements and other options.

### We Salute Our Nation's Bravest

Honda is proud to offer $500 to all eligible active-duty and reserve personnel in the U.S. military, including their spouses, toward any new Honda automobile when financed or leased through Honda Financial Servicessm (HFS). For details, visit your Honda dealer or go to hondafinancialservices.com/finance/military-offer.   It's our way of saying thank you.

## Activity Since Last Statement

| Date | Description | Amount | Total |
|---|---|---|---|
| 08/05/2013 | Late Payment Fee | | $ 15.00 |
| 08/26/2013 | Personal Property Tax SHERIFF OF RALE | | $ 345.80 |
| 08/29/2013 | Payment Received – Thank You! | | $ 392.67 |
| | Base Rent | $ 373.97 | |
| | Tax | $ 18.70 | |

continued on reverse

Honda Financial Services is a DBA of American Honda Finance Corporation.

*Handwritten: V # 394047   71300.058   392.67   90500.095   15.00   70910.000   345.80   Rg*

---

Kindly return this coupon and write your account number on the check     16342 3520948 016343 030683 00001/00001

# HONDA
# Financial Services

Honda Financial Services
P.O. Box 49070
Charlotte, NC 28277

| | |
|---|---|
| Payment Due Date | September 25, 2013 |
| Account Number | 154471813 |
| Total Amount Due | $ 1,146.14 |

Please make check payable to:
Honda Financial Services or HFS.
Write amount enclosed here. ➞   **753.47**

>15342 3520948 001 008161   STMT   7
MOUNTAIN STATE BUILDING C
410 NEVILLE ST
BECKLEY, WV 25801-4511

Please mail check to:

Honda Financial Services
Honda Financial Services is a DBA of AHFC
P.O. Box 105027
Atlanta, GA 30348-5027

107 00000154471813 000392674 000 001146149 092513 021187304 2

Berkeley County Sheriff's Tax Office Personal Property Ticket 2013 - 0000    1106          Page 1 of 1

# Berkeley County Sheriff's Tax Office

## Berkeley County Personal Property

Tax Year: 2013                          Account Number: 02110812
Ticket #:  0000521106                    Taxpayer I.D.: 5507542440
                 District: 06 - MARTINSBURG

V # 350378           12300

| Property Owner | Property Description |
|---|---|
| MARTINSBURG MALL<br>MOUNTAIN STATE UNIVERSITY<br>BUILDING CO (ATTN:MALL OFFICE)<br>512 S KANAWHA STREET<br>BECKLEY, WV 25802<br>Lending Institution: | 98 CHEV C250 2205 00 CHEV C250 1965<br>91 CHEV C150 300 08 CARR 6X9 300<br>00 OTHR OTHR 1278 00 CE - COMP 1510<br>00 FF - FURN34962 00 ME - MACH52996 |

Homestead Exemption: None
Back Tax: None
Exoneration: None
Prior Delinquents: None
Special Disposition:

### ASSESSMENT:

| Assessment | GROSS | NET | TAX (1/2 Year) |
|---|---|---|---|
| Class 1 | 0 | 0 | .00 |
| Class 2 | 0 | 0 | .00 |
| Class 4 | 95515 | 95515 | 1513.72 |
| Total | 95515 | 95515 | 1513.72 |

AMOUNTS DUE:  First Half: 1513.72 If paid by: 09/30/2013   Second Half: 1476.88 If paid by: 09/30/2013   Total Due: 2989.60 If paid by: 09/30/2013

### PAYMENTS RECEIVED:

|  | First Half | Second Half |
|---|---|---|
| Net | .00 | .00 |
| Discount | .00 | .00 |
| Interest | .00 | .00 |
| Total | .00 | .00 |
| Date | none paid | none paid |

Please Remit Payment (if any) to: Berkeley County Sheriff's Tax Office
400 Stephen Street
Suite 209
Martinsburg, WV 25401
Or call (304) 264-1982 with questions.

## THIRD AMENDMENT TO LEASE

**THIS THIRD AMENDMENT TO LEASE** ("Amendment") is entered into this ~~31~~<u>st</u> day of ~~June~~, 2014, and effective as of the 1st day of February, 2014, by and between **MARTINSBURG DEVELOPMENT PARTNERS, LLC**, a West Virginia limited liability company (hereinafter referred to as "Landlord"), and **DEB SHOPS SDW, LLC**, a Delaware limited liability company **D/B/A DEB SHOPS** (hereinafter referred to as "Tenant").

### RECITALS:

A.     Landlord and Tenant are parties to that certain Lease Agreement dated July 17, 2005, as amended by that certain Amendment to Lease dated September 23, 2011, and as further amended by that certain Second Amendment to Lease dated January 25, 2013 (collectively, the "Lease Agreement"), for the lease of that certain space of approximately 9,415 square feet located in Space No. 422 within the Martinsburg Mall at 800 Foxcroft Avenue, Martinsburg, West Virginia ("Shopping Center").

B.     Landlord and Tenant now desire to enter into this Amendment to modify and amend certain provisions of the Lease Agreement for their mutual benefit and advantage.

### AGREEMENT:

**NOW, THEREFORE**, in consideration of the recitals above which are incorporated below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereby agree as follows:

1.     **Capitalized Terms:** All capitalized terms used in this Third Amendment which are not specifically defined herein shall have the respective meanings set forth in the Lease.

2.     **Modification Period:** The Modification Period is for a period of one (1) year, commencing February 1, 2014 and expiring January 31, 2015 (the "Modification Period").

3.     **Fixed Annual Minimum Rent:** The Fixed Annual Minimum Rent during the Modification Period shall be the annual amount of Fifty Thousand Dollars and Zero Cents ($50,000.00), payable in advance in the Fixed Monthly Minimum Rent amount of Four Thousand One Hundred Sixty-Six Dollars and Sixty-Six Cents ($4,166.66). Thereafter, the Fixed Annual Minimum Rent shall return to the schedule set forth in Article 3, Section 3.01 of the Lease.

4.     **Percentage Rent:** The Percentage Rent during the Modification Period shall be continued at the rate of seven percent (7 %) on the Gross Receipts as defined in Article 3, Section 3.03 of the Lease, in excess of One Million Dollars and Zero Cents ($1,000,000.00) ("Annual Minimum Gross Receipts").

5.     **Termination:** Article 24, Section 24.01 of the Lease Agreement is hereby deleted in its entirety and replaced with the following: "Landlord or Tenant may terminate this Lease Agreement at any time during the term of the Lease Agreement for any reason whatsoever upon ninety (90) days' prior written notice to the other party. Notwithstanding the foregoing, the parties hereby acknowledge and agree that Tenant shall not be obligated to vacate the Premises or close Tenant's business in the Premises during the months of November, December and/or January of any lease year ("Tenant's Blackout Period"). Tenant shall voluntarily vacate the Premises on the date stated in said termination notice, leaving the Premises in a broom-clean condition. After such termination date, no further obligations shall accrue under this Lease Agreement, provided that the Tenant will remain liable for obligations arising prior to the date of termination and for all obligations and duties thereafter as specifically provided herein. "

1

6.    **Utilities:** The parties hereby acknowledge and agree that Landlord will install a utility check-meter within the Premises for the purpose of charging Tenant "Energy Charges" in the manner pursuant to Article 8 of the Lease Agreement throughout the remaining term of the Lease Agreement.

7.    **Relocation of Tenant:** Article 23, Section 23.05 of the Lease Agreement is hereby deleted in its entirety and replaced with the following in lieu thereof:

> "Landlord hereby reserves the right at any time and from time to time to make changes or revisions to the Shopping Center, including, but not limited to, additions to, subtractions from, and/or relocations or rearrangements of the buildings, parking areas, and other Common Areas. Landlord shall have the right to relocate the Premises anywhere within the Shopping Center upon ninety (90) days written notice to Tenant. If Tenant chooses not to relocate the Premises and/or refuses to accept the new location, Tenant shall notify Landlord within said ninety (90) day period, whereupon this Lease shall terminate at the end of said ninety (90) day period."

8.    **Landlord Notice Address:** Notices to Landlord shall be sent to the following addresses:

> Martinsburg Development Partners, LLC
> c/o Paramount Development Corporation
> Attn: Real Estate Legal Department
> 263 White Oak Drive
> Beckley, West Virginia 25801

> With a copy to:

> Martinsburg Development Partners, LLC
> c/o Martinsburg Mall
> Attn: Leasing Department, Mall Management Office
> 800 Foxcroft Avenue
> Martinsburg, West Virginia 25401

9.    **No Co-Tenancy.** Article 26, Section 26.01 of the Lease Agreement is hereby deleted in its entirety.

10.    **Entire Agreement:** Except as specifically set forth in this Amendment, the Lease Agreement is not otherwise modified or amended and remains in full force and effect in its entirety. This Amendment and the Lease Agreement represent the entire agreement between the parties hereto regarding the subject matter herein and there are no collateral or oral agreements or understandings.

11.    **Counterparts:** This Amendment may be executed in several counterparts and by each party on a separate counterpart, each of which when executed and delivered shall be an original, and all of which together shall constitute one instrument.

*[Signature Page Follows]*

2

**IN WITNESS WHEREOF**, the parties hereto have caused this Third Amendment to be signed as of the _31st_ day of ~~June,~~ 2014.
July

MARTINSBURG DEVELOPMENT PARTNERS, LLC

By: Paramount Development Corporation

By: _____

Its: _____C.O.O._____

Its: Manager

("Landlord")


DEB SHOP SDW, LLC D/B/A DEB SHOPS

By: _____

Its: _____CFO_____

("Tenant")

3

## LEASE AGREEMENT

Name of Shopping Center:          Martinsburg Mall

Location of Shopping Center:      Martinsburg, WV

Landlord:                         Martinsburg Mall, LLC

Tenant:                           Deb of West Virginia, Inc.

d/b/a:                            Deb, Deb Plus, Tops N Bottoms and/or T'NB

## TABLE OF CONTENTS

ARTICLE 1 .................................................................................................................................................. 2
  Premises ..................................................................................................................................................... 2
    1.01 - Premises ...................................................................................................................................... 2
    1.02 - Shopping Center ........................................................................................................................ 2
    1.03 - Use of Premises and Trade Name ............................................................................................ 2
ARTICLE 2 .................................................................................................................................................. 2
  Term of Lease ............................................................................................................................................ 2
    2.01 - Commencement of Term .......................................................................................................... 2
    2.02 - Term of Lease ........................................................................................................................... 2
    2.03 - Expiration of Term .................................................................................................................... 3
    2.04 - Surrender of Premises ............................................................................................................... 3
ARTICLE 3 .................................................................................................................................................. 3
  Rent ........................................................................................................................................................... 3
    3.01 - Minimum Rent .......................................................................................................................... 3
    3.02 - Percentage Rent ........................................................................................................................ 3
    3.03 - Gross Receipts Defined ............................................................................................................. 3
    3.04 - Tenant's Books and Records ...................................................................................................... 4
    3.05 - Reports by Tenant ..................................................................................................................... 4
    3.06 - Non-Waiver ............................................................................................................................... 4
    3.07 - Right to Examine and Audit Books and Records ....................................................................... 4
    3.08 - Delinquent Payments ................................................................................................................ 5
    3.09 - Additional Rent ......................................................................................................................... 5
    3.10 - Definition of Lease Year and Partial Lease Year ...................................................................... 5
    3.11 - Place for Payments .................................................................................................................... 5
ARTICLE 4 .................................................................................................................................................. 5
  Taxes ......................................................................................................................................................... 5
    4.01 - Real Property Taxes .................................................................................................................. 5
    4.02 - Tenant's Taxes .......................................................................................................................... 5
ARTICLE 5 .................................................................................................................................................. 6
  Construction and Financing ....................................................................................................................... 6
    5.01 - Landlord's Work ........................................................................................................................ 6
    5.02 - Tenant's Work ........................................................................................................................... 6
    5.03 - Payment .................................................................................................................................... 6
    5.04 - Financing .................................................................................................................................. 7
ARTICLE 6 .................................................................................................................................................. 7
  Conduct of Business by Tenant .................................................................................................................. 7
    6.01 - Use of Premises and Trade Name ............................................................................................. 7
    6.02 - Tenant's Operating Covenant .................................................................................................... 7
    6.03 - Competition .............................................................................................................................. 7
    6.04 - Other Business Practices ........................................................................................................... 7
    6.05 - Marketing Fund ........................................................................................................................ 7
ARTICLE 7 .................................................................................................................................................. 8
  Common Areas and Operating Costs ......................................................................................................... 8
    7.01 - Definition .................................................................................................................................. 8
    7.02 - Development of Common Areas ................................................................................................ 8
    7.03 - Use of Common Areas .............................................................................................................. 8
    7.04 - Common Area Costs ................................................................................................................. 9
    7.05 - Adjustment to Payment ............................................................................................................. 9
    7.06 - Payment of Extraordinary Common Area Costs ....................................................................... 9
ARTICLE 8 .................................................................................................................................................. 9
  Energy, Utility and Sprinkler Costs ........................................................................................................... 9
    8.01 - Energy and Utility Charges ....................................................................................................... 9
    8.02 - Miscellaneous Utility Provisions .............................................................................................. 9
    8.03 - Periodic Adjustment ............................................................................................................... 10
ARTICLE 9 ................................................................................................................................................ 10
  Fixtures, Alterations, Signs ...................................................................................................................... 10
    9.01 - Installation By Tenant ............................................................................................................. 10
    9.02 - Removal and Restoration by Tenant ....................................................................................... 10
    9.03 - Signs, Awnings and Canopies ................................................................................................ 11
    9.04 - Remodeling of the Premises ................................................................................................... 11
ARTICLE 10 .............................................................................................................................................. 11
  Repairs and Maintenance ......................................................................................................................... 11
    10.01 - Landlord's Obligation to Repair ............................................................................................ 11
    10.02 - Tenant's Obligation to Repair ............................................................................................... 11
    10.03 - Article Not Applicable to Fire or Condemnation ................................................................... 11
ARTICLE 11 .............................................................................................................................................. 12
  Indemnity ................................................................................................................................................ 12
    11.01 - Indemnity .............................................................................................................................. 12
ARTICLE 12 .............................................................................................................................................. 12
  Insurance ................................................................................................................................................. 12
    12.01 - Liability Insurance ................................................................................................................ 12
    12.02 - Special Causes of Loss and Difference in Conditions Insurance ............................................ 13
    12.03 - Insurance on Common Areas ................................................................................................ 13
    12.04 - Increase in Fire Insurance Premium ...................................................................................... 13
    12.05 - Tenant to Share Insurance Costs ........................................................................................... 13
    12.06 - Waiver of Subrogation .......................................................................................................... 13
    12.07 - Policies ................................................................................................................................. 13
ARTICLE 13 .............................................................................................................................................. 13
  Damage by Fire, Etc. ............................................................................................................................... 14
    13.01 - Restoration of Premises ......................................................................................................... 14

1857489v3

# LEASE AGREEMENT

AGREEMENT made this _17th_ day of _July_____, 2005, by and between the following parties:

Landlord:  Martinsburg Mall, LLC

a limited liability company organized and existing under the laws of the State of Delaware with its mailing address for notices and a principal office at:

217 EAST REDWOOD STREET
20th FLOOR
BALTIMORE, MARYLAND 21202
Attention: GENERAL COUNSEL

hereinafter referred to as "Landlord," and

Tenant:  Deb of West Virginia, Inc., a West Virginia corporation

a corporation organized and existing under the laws of the State of West Virginia with its mailing address for notices and a principal office or residence at:

9401 Blue Grass Road _____
(Street Address)

Philadelphia _____ Pennsylvania ___ 19114 ____
(City or Town)                           (County)              (State)        (ZIP)

Attention: Executive Vice – President with a copy to Corporate Counsel _____
hereinafter referred to as "Tenant."

Tenant's Federal Tax Identification or Social Security Number: 31-1160463 _____.

## 3.07 - Right to Examine and Audit Books and Records

At its option, Landlord may conduct, at any reasonable time upon seven (7) days' prior written notice to Tenant, a complete audit to be made of the Books and Records (including the books and records of any subtenant, operator, concessionaire or licensee or of any other store operated by Tenant) for the period covered by any statement required to be furnished by Tenant as set forth above. In the event such examination discloses that Tenant has understated or overstated Gross Receipts by five percent (5%) or more, Tenant agrees to pay to Landlord the reasonable cost of such examination and audit, plus a five percent (5%) administrative fee, and all future annual statements of Gross Receipts shall be certified by Tenant. In the event that such examination or audit discloses that Tenant has understated or overstated Gross Receipts by seven percent (7%) or more, then, in addition to the foregoing, at Landlord's option, the term of this Lease shall expire ten (10) days after Tenant's receipt of a termination notice from Landlord. Any additional Percentage Rent found to be due and owing to Landlord as a result of any examination or audit shall immediately be due and payable with interest equal to two percent (2%) over the Prime Rate.

## 3.08 - Delinquent Payments

If during the term of this Lease Tenant fails to pay the full amount of the Fixed Monthly Minimum Rent, Percentage Rent or "Additional Rent" (defined in Section 3.09) three (3) consecutive months after five (5) days' written notice, then, for each subsequent occasion when Tenant is late or fails to pay the full amount of Fixed Monthly Minimum Rent without additional notice from Landlord, interest at the monthly rate of two percent (2%) per annum or the maximum rate then permitted by law, whichever is less, shall accrue on the unpaid amount from and after the date on which any such sum shall be due and payable, and such interest, together with a Late Charge of Fifty and 00/100 Dollars ($50.00) for each past due payment to cover the extra expense involved in handling such delinquency, shall be paid to Landlord at the time of payment of the delinquent sum. If the term of this Lease is longer than five years, then the Late Charge shall be increased to One Hundred and 00/100 Dollars ($100.00) for each past due payment incurred on or after the commencement of the sixth Lease Year. Landlord shall have the right to apply any payments made by Tenant first to any deficiency in the payment of the interest and administrative charges provided for hereunder. Any payment to be made by Tenant under this Lease shall be deemed to have been paid upon the date that it is received by Landlord. The provision for a Late Charge and interest herein shall not be deemed to grant Tenant any grace period or extension of time or prevent Landlord from exercising its other rights under this Lease. Tenant shall pay to Landlord an administrative fee of Fifty and 00/100 Dollars ($50.00) for each and every check submitted by Tenant which is dishonored. If Landlord receives from Tenant two or more checks which have been dishonored, all checks from Tenant thereafter shall, at Landlord's option, be either certified or cashier's checks.

## 3.09 - Additional Rent

All rents, charges, costs, expenses, reimbursements, fees, interest, and other payments to be made by Tenant to Landlord under this Lease, other than Fixed Annual Minimum Rent and Percentage Rent, shall be deemed to be "Additional Rent" herein for the purpose of enforcing Landlord's remedies, and shall not be construed as "Rent" in the event of the imposition of Rent Tax.

## 3.10 - Definition of Lease Year and Partial Lease Year

The term "Lease Year" is defined to mean a period of twelve (12) consecutive calendar months between February 1 and the next January 31. "Partial Lease Year" shall mean the period immediately following the Term Commencement Date of this Lease to and including the next succeeding January 31, and any other period which is less than twelve (12) months and is not a "Lease Year". "First Lease Year" shall mean the period of twelve (12) consecutive full calendar months beginning the next succeeding February 1 after the Term Commencement Date of this Lease.

## 3.11 - Place for Payments

Tenant shall deliver to Landlord all payments of Fixed Monthly Minimum Rent, Percentage Rent and Additional Rent at the office of Landlord shown at the beginning of this Lease or such other place as may be designated by Landlord.

# ARTICLE 4

*Taxes*

## 4.01 - Real Property Taxes

(a)    Landlord will pay in the first instance all real property taxes (which shall include property tax assessments, water and sewer rent rates and charges, parking and environmental surcharges, and any other governmental charges, general and special, ordinary and extraordinary) which may be levied or assessed by any lawful authority against land or improvements located in the Shopping Center (collectively "Real Property Taxes"). The amounts required to be paid by Landlord or any tenant or occupant of the Shopping Center pursuant to any Payment in Lieu of Tax Agreement entered into with a taxing authority having jurisdiction over the Shopping Center shall be considered for the purposes of this Lease to be included within the definition of Real Property Taxes.

(b)    During the term of this Lease, Tenant shall pay to Landlord as Additional Rent, Tenant's Allocable Share of all Real Property Taxes over the Base Year Amount, if any. The Base Year Amount shall be Tenant's Allocable Share for the first full tax fiscal year (and partial tax fiscal year, if any) after the Term Commencement Date, which is included in Fixed Annual Minimum Rent. Commencing with the second full tax fiscal year, Tenant shall pay increases only over Tenant's Allocable Share of Real Property Taxes of the Base Year Amount. Real Property Taxes shall include a charge equal to five percent (5%) of the Real Property Taxes relating to the Common Areas. Tenant's Allocable Share shall be computed under Section 23.03(a) as of the first day of each respective Lease Year. If the Premises are separately assessed, then Tenant agrees to pay to Landlord, as Additional Rent, the amount of the Real Property Taxes separately assessed against the Premises including the land lying thereunder plus Tenant's Allocable Share of the Real Property Taxes assessed against the Common Areas of the Shopping Center.

5

1857489v3

(c)     Tenant agrees that, commencing the second full tax fiscal year following the Term Commencement Date, Tenant shall pay to Landlord, as Additional Rent and within ten (10) days after receipt of a bill therefor, the amount of Tenant's Allocable Share of all Real Property Taxes over the Base Year amount, computed for the then current tax fiscal year(s).  Tenant shall pay to Landlord, as Additional Rent, all sums due pursuant to Section 4.01(b) in monthly installments, in advance and without prior notice or demand, on or before the first day of each month during the term of this Lease, in an amount estimated by Landlord, such that Landlord will have received the full amount of Tenant's Allocable Share of Real Property Taxes in time for payment to applicable taxing authority when due.  In the event Landlord is required to escrow Real Property Taxes, Landlord may, but shall not be obligated to, use the amount required to be escrowed as a basis for its estimate of the monthly installments due from Tenant hereunder.  Landlord shall furnish Tenant with a written statement of the actual amount of Tenant's Allocable Share of Real Property Taxes based upon the tax bills or assessment bills for each tax fiscal year.  If the total amount paid by Tenant under this Section 4.01(c) for any tax fiscal year during the term of this Lease is less than the actual amount due from Tenant for such year as shown on such statement, Tenant shall pay to Landlord the deficiency within ten (10) days after demand therefor by Landlord.  If the total amount paid by Tenant hereunder for any year exceeds the amount due from Tenant for such year, Tenant shall be entitled to offset the excess against payments next thereafter becoming due under this Section 4.01(c), provided, however, that upon written request from Tenant, Landlord shall reimburse such excess amount to Tenant.  For the tax fiscal years in which this Lease commences and expires, the provisions of this paragraph shall apply and, to the extent necessary, Tenant's liability for its Allocable Share of any Real Property Taxes for such year shall be subject to a pro rata adjustment based on the appropriate number of days of said tax fiscal years.  A copy of a tax bill or assessment bill submitted by Landlord to Tenant shall at all times be sufficient evidence of the amount of Real Property Taxes to which such bill relates.

(d)     Landlord may seek a reduction in the assessed valuation (for Real Property Tax purposes) of the Shopping Center or any portion thereof by administrative or legal proceeding.  Tenant shall pay to Landlord Tenant's Allocable Share of Landlord's costs for said proceedings, including counsel fees, appraisal fees and other similar expenses, within ten (10) days after Tenant's receipt of a statement from Landlord therefore, but in no event shall that amount exceed the reduction in Real Property Taxes and Tenant shall receive or be credited (against any payment next due under this Lease) with its net proportionate share of any refund or reduction in Real Property Taxes.  Tenant's Allocable Share of such costs shall be computed under Section 23.03(a) hereof.  Landlord shall reimburse Tenant for Tenant's Allocable Share of any refund of Real Property Taxes (after deducting any unpaid portion of Tenant's Allocable Share of Landlord's costs for such proceedings) resulting from any proceeding for which Tenant has paid Tenant's Allocable Share of Real Property Taxes.

(e)     Should any alteration or improvement performed by or for Tenant during the term of this Lease cause an increase in assessment, Tenant shall pay to Landlord the full cost of all Real Property Taxes resulting from such increase in assessment.  Any amount paid separately hereunder by Tenant to Landlord shall be in addition to any amounts paid by Tenant pursuant to Section 4.01(b).  Landlord agrees Tenant's construction of its store shall not be cause for an increase in the assessment value.

(f)     Should any governmental taxing authority acting under any present or future law, ordinance or regulation, levy, assess or impose a tax, excise, surcharge or assessment upon or against the rents payable by Tenant to Landlord, or upon or against the Common Areas, by way of substitution for any existing Real Property Tax or otherwise, Tenant shall be responsible for and shall pay Tenant's Allocable Share of such tax in the manner provided in Section 4.01(c).  Nothing herein contained shall be interpreted to include as "taxes" any inheritance, estate, succession, transfer, gift, franchise, capital, corporation, business privilege, income or profit tax that is or may be imposed upon Landlord.

## 4.02 - Tenant's Taxes

Tenant shall, at all times, be responsible for and pay, before delinquency, all municipal, county, state or federal taxes charged against Tenant's income, sales, fixtures, furnishings, equipment, stock-in-trade or other personal property of any kind owned, installed or used in or on the Premises, and any tax now or hereafter charged against Tenant on any other basis.

# ARTICLE 5

## *Construction and Financing*

## 5.01 - Landlord's Work

Prior to the Term Commencement Date, Landlord shall perform all items of "Landlord's Work," if any, described in Exhibit B attached hereto and made a part hereof, in accordance with the Outline Specifications set forth in Exhibit D attached hereto and made a part hereof.  Tenant agrees to accept the Premises in its "as is" condition on the date possession of the Premises is made available to Tenant, subject to Landlord's Work, and agrees, at its sole cost and expense, to complete all improvements necessary to prepare the Premises for the conduct of Tenant's business in the Premises in accordance with the Outline Specifications set forth in Exhibit D.  Tenant represents, warrants and covenants that it shall build out the Premises in full conformance with plans reasonably approved by Landlord or Tenant shall be deemed in default of this Lease.  In the event of such default, Landlord shall have the right to terminate this Lease, in addition to all other rights and remedies available to Landlord under applicable law or under this Lease.  Any non-standard item of Landlord's Work requested by Tenant shall be performed at Tenant's additional cost plus five percent (5%) for profit and five percent (5%) for administration.  Landlord acknowledges and agrees that Tenant shall not be assessed any chargebacks pursuant to this Lease.

## 5.02 - Tenant's Work

(a)     Prior to the Term Commencement Date, Tenant, shall at its sole cost and expense perform "Tenant's Work" described in Exhibit C attached hereto and made a part hereof, in accordance with the Outline Specifications set forth in Exhibit D.  Any item of Tenant's Work which Tenant requests Landlord to perform on the Tenant's behalf and which Landlord agrees to undertake shall be provided to Tenant at Tenant's additional reasonable cost, plus five percent (5%) for profit and five percent (5%) for administration.  Tenant acknowledges its ability to perform Tenant's Work, and no delay in its performance shall cause or be deemed to cause any delay or postponement in the Term Commencement Date.

(b)     Tenant agrees, at Tenant's expense, to obtain and maintain for so long as Tenant's Work continues, public liability insurance, builder's risk property insurance covering Tenant's Work, and Workers' Compensation insurance adequate to fully protect Landlord, as well as Tenant, from and against any and all liability for death of or injury to persons or damage to property caused in or about the Premises, or by reason of the construction of Tenant's Work.  Tenant shall furnish to Landlord

6

**IN WITNESS WHEREOF**, the parties hereto have executed this Lease on the date first above written.

LANDLORD:

MARTINSBURG MALL, LLC,
a Delaware limited liability company

By: _____


TENANT:

DEB OF WEST VIRGINIA, INC., a West Virginia corporation

By: _____
Marvin Rounick, its President

By: _____
Warren Weiner, its Secretary

1857489v3

(Acknowledgment of LANDLORD)

State of Maryland

ss:

County of Baltimore

On the 14th day of July in the year 2005 before me, the undersigned, a notary public in and for said state, personally appeared ROBERT N. BRYZWIK personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
(Notary Public)

My Commission Expires: 03-01-2007

(Acknowledgment of TENANT )

State of Pennsylvania

ss:

County of Philadelphia

On the 27th day of May in the year 2005 before me, the undersigned, a notary public in and for said state, personally appeared Marvin Rounick and Warren Weiner, personally known to me or proved to me on the basis of satisfactory evidence to be the individuals whose names are subscribed to the within instrument and acknowledged to me that they executed the same in their capacities, and that by their signatures on the instrument, the individuals or the person upon behalf of which the individuals acted, executed the instrument.

_____
(Notary Public)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Susan Dunleavy, Notary Public
City Of Philadelphia, Philadelphia County
My Commission Expires Oct. 16, 2008
Member, Pennsylvania Association Of Notaries

1857489v3