UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | |
| DEB STORES HOLDING, LLC, *et al.*, ) | Bankruptcy Case No. 14-12676 |
| ) | |
| Debtors. ) | Related to Docket No.: 154 |
| ) | |
| ) | Objection Deadline: December 31, 2014 |
| ) | at 4:00 p.m. EST |
| ) | |
| ) | Hearing Date and Time: January 7, 2014 at |
| ) | 9:00 a.m. EST |

**OBJECTION OF PARK ASSOCIATES TO DEBTORS' MOTION FOR AN ORDER ESTABLISHING PROCEDURES FOR THE REJECTION OF EXECUTORY <u>CONTRACTS AND UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY</u>**

Park Associates, a Pennsylvania limited partnership ("Park"), by and through its undersigned counsel, hereby files this objection to the Debtors' Motion for an Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property (the "Objection") and in support thereof, respectfully represents as follows:

## BACKGROUND

1.  On December 4, 2014 (the "Petition Date"), Deb Stores Holding, LLC, Deb Shops SDE, LLC ("DEB"), and various other related entities (collectively "the Debtors[1]") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.  On December 5, 2014, an order was entered authorizing Joint Administration of the Debtors' bankruptcy cases (Docket No. 43) at the above-captioned case number.

3.  Prior to the Petition Date, Deb Shops, Inc.[2] and Park entered into a written Lease Agreement dated November 21, 1989 whereby Deb Shops, Inc. leased Storeroom 412, which is approximately 6,000 square feet of retail space in Robinson Town Centre ("Robinson Town Centre") located in Robinson, Allegheny County, Pennsylvania (the "Premises") for a term of ten years with

---

[1] The above-captioned debtors are: Deb Stores Holding, LLC; Deb Stores Holding II, LLC; Deb Shops SDP, Inc.; Deb Shops SDIH, Inc.; Deb Shops SD Inc.; Deb Shops SDE, LLC; Deb Shops SDW, LLC; Deb Shops SDE, LLC; Deb Shops SDW, LLC; Deb Shops SDE-Commerce LLC; and Deb Shops SDFMC LLC.

[2] Deb Shops SDE, LLC is the successor in interest to Deb Shops, Inc.

options to renew for two separate additional independent consecutive periods of five years each (the "Lease").

4. The Lease was amended on October 12, 1992, October 19, 2005, November 22, 2006, November 14, 2007, November 12, 2008, December 17, 2009, January 18, 2010, January 25, 2012, and January 25, 2103. The last amendment to the Lease was the Ninth Lease Amendment dated January 25, 2013, which extended the term of the Lease through and including January 31, 2016.

5. Pursuant to the Lease, as amended, DEB is required to pay Park rent, charges for real estate taxes, common area maintenance charges, and charges for the marketing fund (collectively the "Rent") on a monthly basis.

6. Prior to the Petition Date, DEB had not paid Park for half of the November 2014 Rent ($4,767.58) or the December 2014 Rent ($9,535.17).

7. The Debtor remains in possession of the Premises.

8. On December 17, 2014, the Debtors filed the Motion for an Order Establishing Procedures for the Rejection of Executory Contracts and Unexpired Leases of Nonresidential Real Property (the "Rejection Procedures Motion").

**Relief Requested**

9. Park does not challenge the Debtors' business judgment in determining they should reject various leases, but Park does object to certain procedures set forth in the Rejection Procedures Motion.

10. Specifically, Park objects to the proposed procedures set forth in the Rejection Procedures Motion because the procedures do not include a provision indicating that any property remaining at the Premises as of the effective date of rejection shall be deemed abandoned by the Debtors free any clear of all liens, claims, encumbrances, and interests. Further, Park submits that the rejection procedures should indicate that Park has the express authority to dispose of any such property in its sole discretion without any liability whatsoever to the Debtors or any third party that made have any interest in any such property and without waiver of any claim Park may have against the Debtors or against another other third party for the disposal of any such property.

11. Park submits that the rejection procedures should include a provision the Debtors notify any third parties with personal property or equipment located on the Premises prior to the rejection of the Lease.

12. Park also objects that the procedures set forth in the Rejection Procedures Motion do not provide that the Debtors or any other party, such as a liquidating agent, return the Premises to Park in accordance with the terms and conditions set forth in the Lease, as amended.

13. Park further objects to the procedure set forth in the Rejection Procedures Motion providing that landlords will have only 21 days after the effective date of rejection to file a rejection damages claim. Consistent with standard practice, Park submits that any order approving proposed rejection procedures provide landlords with 30 days to file rejection damages claims so that landlords will have sufficient time to prepare and file proofs of claim.

14. Additionally, Park submits that in the event the Debtors elect to reject the Lease, it must meet the obligations under Section 365 of the Bankruptcy Code and "preform all obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected." Therefore, any order approving the procedures set forth in the Rejection Procedures Motion should provide that the Debtors are obligated to pay all of their obligations under the Lease through the effective date of the rejection, including the full month's rent for the month in which the Lease is rejected regardless of whether the Debtors are in possession of the Leased Premises. *See, eg In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001); *In re Koening Sporting Goods, Inc.*, 203 F.3d 986, 989 (6th Cir. 2000).

**JOINDER**

15.  Park joins in the objections filed by other landlords to the Rejection Procedures Motion to the extent they are not inconsistent with this Objection.

                                      Respectfully submitted,

                                      LEECH TISHMAN FUSCALDO &
                                      LAMPL, LLC

Dated:  December 31, 2014        By:/s/ Gregory W. Hauswirth
                                      Gregory W. Hauswirth (Bar No. 5679)
                                      1105 N. Market Street, Suite 1050
                                      Wilmington, DE  19899
                                      Telephone:  302.332.7181
                                      Facsimile:  412.227.5551
                                      ghauswirth@leechtishman.com
                                      and
                                      Crystal H. Thornton-Illar (PA I.D. No. 93003)
                                      525 William Penn Place, 28th Floor
                                      Pittsburgh, PA 15219
                                      Telephone:  412.261.1600
                                      Facsimile:  412.227.5551
                                      cthornton-illar@leechtishman.com

                                      *Counsel for Park Associates, L.P.*