**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DEB STORES HOLDING LLC, *et al*,<br><br>Debtors. | Chapter 11<br><br>Case No. 14-12676 (KG)<br><br>Jointly Administered<br><br>**Re: Dkt. Nos. 37 & 159** |

# OBJECTION TO DEBTORS' UNEXPIRED LEASE OR EXECUTORY CONTRACT ASSUMPTION AND CURE NOTICE

U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, National Association, Successor by Merger to LaSalle Bank National Association, as Trustee for the Registered Holders of LB-UBS Commercial Mortgage Trust 2006-Commercial Mortgage Pass-Through Certificates, Series 2006-C6, as current owner of Chapel Hill Mall in Akron, Ohio ("U.S. Bank/CHM''), U.S. Bank National Association, as Trustee, as successor-in-interest to Bank of America, National Association, as Successor by Merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Capital I Inc., Commercial Mortgage Pass-Through Certificates, Series 2005-TOP17, as current landlord of Coventry Mall in Pottstown, Pennsylvania ("U.S. Bank/Coventry"), and LSREF3 Spartan (Genesee) LLC, a Delaware limited liability company, as current landlord for Genesee Valley Center in Flint, Michigan ("Genesee;" together with U.S. Bank/CHM and U.S. Bank/Coventry, "Landlords")  hereby object to the proposed cure amounts set forth in the above-captioned Debtors' Unexpired Lease or Executory Contract Assumption and Cure Notice ("Cure Notice") as follows:

## I.   BACKGROUND

**Coventry Mall.**

1. Debtors currently occupy space #C-1 of the Coventry Mall, located at 351 W Schuylkill Road in Pottstown, Pennsylvania. The leased premises consists of 8,800 square feet of space used by Debtors for the retail sale of men's and women's apparel. Debtors entered into the lease at Coventry Mall on or about January 21, 1993, with the lease set to expire on January 31, 2016. A true and correct copy of the lease, as amended from time to time, was attached as Exhibit "C" to Landlords' previously filed Motion for Adequate Protection, Docket No. 193 ("Adequate Protection Motion").

2. Pursuant to U.S. Bank/Coventry's lease with the Debtors, the Debtors owe U.S. Bank/Coventry $15,045.58 in unpaid rent from June 28, 2005 through and including December 3, 2014, plus $2,026.14 from December 4 through and including December 31, 2014. Landlords thus disagree with the cure amounts listed in the Debtors' Cure Notice, which states that Debtors owe only $1,159.62 in rent for November 2014, plus $117.22 in rent from December 1 to 3, 2014, and $1,096.06 in rent from December 4 to 31, 2014. An aging schedule reflecting amounts owed for U.S. Bank/Coventry's lease with the Debtors is attached hereto and incorporated by reference herein as Exhibit "A." In addition, U.S. Bank/CHM seeks payment of its attorneys' fees incurred relating to Debtors' failure to pay rent pursuant to Section 19.05 of the lease.

**Genesee Valley Center.**

3. Debtors currently occupy space #328 of the Genesee Valley Center, located at 3341 S. Linden Rd. in Flint Township, Michigan. The leased premises consists of 7,571 square feet of space used by Debtors for the retail sale of women's and men's ready to wear and related

- 3 -

accessories.  Debtors entered into the lease at Genesee Valley Center on or about January 14, 2005, with the lease set to expire on January 31, 2016.  A true and correct copy of the lease, as amended from time to time, was attached as Exhibit "E" to Landlords' Adequate Protection Motion.

4.      Pursuant to Genesee's lease with Debtors, Debtors owe Genesee $16,579.08 in unpaid rent from August 26, 2014 through and including December 3, 2014, plus $11,476.23 from December 4 through and including December 31, 2014.  Landlords thus disagree with the cure amounts listed in the Debtors' Cure Notice, which states that Debtors owe $12,083.33 in November rent, $1,169.35 in rent from December 1 to 3, 2014, and $10,913.98 for December 4 through 31, 2014.  An aging schedule reflecting amounts owed for Genesee's lease with the Debtors is attached hereto and incorporated by reference herein as Exhibit "B."  In addition, Genesee seeks payment of its attorneys' fees incurred relating to Debtors' failure to pay rent pursuant to Article XXII of the lease.

**Chapel Hill Mall.**

5.      Debtors currently occupy space #411 of the Chapel Hill Mall, located at 2000 Brittain Road in Akron, Ohio.  The leased premises consists of 9,557 square feet of space used by Debtors for the retail sale of men's and women's apparel.  Debtors entered into the lease at Chapel Hill Mall on or about August 18, 2000, with the lease set to expire on January 31, 2019.  A true and correct copy of the lease, as amended from time to time, was attached as Exhibit "B" to Landlords' Adequate Protection Motion.

6.      U.S. Bank/CHM does not dispute the cure amounts listed for Chapel Hill Mall in the Debtors' Cure Notice, except U.S. Bank/CHM seeks payment of its attorneys' fees incurred relating to Debtors' failure to pay rent pursuant to Section 24.2 of the lease.

## II.    BASIS FOR RELIEF

7. All of the Debtors' leases with the Landlords are located in shopping centers, as such term is used in Section 365(b)(3) of the Bankruptcy Code. *In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87.

8. Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume an unexpired lease for which there has been a default unless it: (A) cures the default or provides adequate assurance that it will cure such default, (B) compensates or provides adequate assurance that it will promptly compensate the party to the lease for any actual pecuniary loss resulting from the default, and (C) provides adequate assurance of future performance under the contract. 11 U.S.C. § 365(b)(1).

9. In addition to the cure amounts set forth herein, Landlords are entitled to payment of their reasonable attorney's fees as a result of Debtors' defaults under their respective leases. *See In re Crown Books Corp.*, 269 B.R. 12, 15 (Bankr. D. Del. 2001); *see also In re LCO Enterprises*, 12 F.3d 938, 941 (9th Cir. 1993). *See also In re Westview 74th Street Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986). Landlords have incurred approximately $11,454.00 in attorney's fees thus far.

10. Landlords further object to the assignment of any of the foregoing leases absent adequate assurance of future performance in accordance with section 365 of the Bankruptcy Code. *See also, In re LRP Mushrooms, Inc.*, 2010 WL 277520 (Bankr. E.D. Pa. 2010). At minimum, a proposed assignee must provide Landlords with sufficient information to demonstrate that the proposed assignee is capable of satisfying all lease obligations (monetary and non-monetary) when required under the respective leases, and providing, inter alia, for appropriate personal guarantees, or security, or both.

38935-0772/LEGAL124649195.1

11. To the extent that rent, attorney's fees, or other charges continue to accrue, and/or Landlords suffer other pecuniary losses with respect to the leases, Landlords hereby reserve their right to amend their actual cure amount to reflect such additional amounts or to account for year-end adjustments, including without limitation, adjustments for 2014 (the "Adjustment Amounts"), which have not yet been billed, had not yet been determined, or have not yet become due under the terms of the leases as of the date of this Objection.

12. Accordingly, Debtors must be responsible to satisfy the Adjustment Amounts, if any, when due in accordance with the terms of the leases, regardless of when such Adjustment Amounts were incurred. In addition, Landlords request Debtors be required to verify and comply with the leases concerning maintenance of insurance coverage and (ii) contractual obligations to indemnify and hold Landlords harmless with regard to events which may have occurred pre-assumption but which were not known to either Landlords or Debtors as of the date of assumption, including but not limited to, claims for personal injury which may have occurred at each leased premises, damage and destruction to each leased premises or property by Debtors or their agents, guests, or invitees, and environmental damage or environmental clean-up.

**WHEREFORE**, for the foregoing reasons, Landlords respectfully request that this Court:

A. Require that an Order authorizing the assumption of the leases referenced herein affirmatively require Debtors to pay the actual cure amounts set forth herein, as may be revised from time to time, subject to Landlords' express reservation of rights, and to provide adequate assurance of future performance by any proposed assignee, and to pay Landlord's reasonable attorney's fees in the amount of $11,454.00; and

B. Grant Landlords such other and further relief as this Court deems just and appropriate under the circumstances.


Dated: December 31, 2014
      Wilmington, DE 19801

**THE ROSNER LAW GROUP LLC**

*/s/ Scott J. Leonhardt*
Frederick B. Rosner (DE 3995)
Scott J. Leonhardt (DE 4885)
824 Market Street, Suite 810
Wilmington, DE 19801
Tel.: (302) 777-1111
leonhardt@teamrosner.com

-and-

**PERKINS COIE LLP**
Gary Eisenberg
30 Rockefeller Plaza 22nd Floor
New York, NY 10112-0015
Telephone: (212) 262-6902
Facsimile: (212) 977-1632
Email: GEisenberg@perkinscoie.com

**PERKINS COIE LLP**
Amir Gamliel, Esq.
1888 Century Park East, Suite 1700
Los Angeles, CA 90067
Telephone: (310) 788-9900
Facsimile: (310) 788-3399
Email: agamliel@perkinscoie.com

*Attorneys for Landlords U.S. Bank/CHM, U.S. Bank/Coventry, and Genesee*