# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DEB STORES HOLDING LLC, et al., | Case No. 14-12676 (KG) |
| Debtors. | (Jointly Administered) |
| | **Objection Deadline: 11am ET January 5, 2015**<br>**(As extended for Centerpoint Owner, LLC)**<br>**Hearing: January 7, 2015 at 9:00am** |

### CENTERPOINT OWNER, LLC'S LIMITED OBJECTION TO DEBTORS' PROPOSED CURE AMOUNT, ASSUMPTION AND ASSIGNMENT OF LEASE, AGENCY AGREEMENT AND STORE CLOSING SALES [D.I. No. 154]

Centerpoint Owner, LLC ("Centerpoint") by its attorneys, hereby submits this limited objection to (a) the cure amounts listed by Deb Stores Holding, LLC, and the other debtors in the above captioned case (collectively the "Debtors") in connection with the possible assumption and assignment of Centerpoint's lease agreement (the "Centerpoint Lease") with the Debtors for premises located at the Centerpoint Mall in Grand Rapids, MI (identified by the Debtors as Store 294); (b) assumption and assignment of the Centerpoint Lease absent compliance with all requirements of the Bankruptcy Code, including adequate assurance of future performance; and (c) approval of the Agency Agreement and the Sale Guidelines as proposed by the Debtors. In further support of this limited objection, Centerpoint states as follows:

1. Centerpoint is the landlord for the premises identified by the Debtors as Store 294 at the Centerpoint Mall in Grand Rapids, Michigan. The premises are contained in a shopping center as that term in used in the Bankruptcy Code.

2. The Debtors' proposed cure amount for the Centerpoint Lease was $12,857.09, but that amount does not include certain unpaid electric bills that were incurred by the Debtors

prior to the Petition Date, through December 1, 2014, totaling $3,212.20. Copies of these bills are attached hereto as **Exhibit A**. Accordingly, Centerpoint assert that the current monetary cure amount for the Centerpoint Lease is no less than $16,069.29.

3. In addition, the cure notice issued by Debtors fails to account for additional items that may accrue under the Centerpoint Lease after the Petition Date or that have not yet been billed, such as electric charges for December 2-3. The cure amount must include all amounts incurred and unpaid through the effective date of assumption of the lease. Therefore, Centerpoint requires that the cure amount also include "to the extent not paid to the Landlord as of the date of assumption and assignment of the lease, all of the following: (a) electric charges for 12/1/2014 forward; (b) the amount of post-petition rent for December 4th -31st and thereafter; and (c) any other amounts accruing or billed post-petition under the Lease, including, without limitation, Landlord's reasonable attorneys' fees." This provision will also capture such items as percentage rent, and the Debtors' share of other common area charges and taxes, to the extent of any additional reconciliations that may take place in the future. Centerpont does not waive and explicitly reserves the right to seek payment for any and all amounts incurred under the Centerpoint Lease pre- or post-petition not listed herein and to amend this objection as required to accurately represent the amounts due to Centerpoint.

4. In addition, as the Centerpoint Lease is located in a shopping center, Centerpoint hereby objects to assumption and assignment of the Centerpoint Lease without compliance with all other requirements of the bankruptcy code, including (without limitation) adequate assurance that comports with 11 U.S.C. § 365(b)(3). Centerpoint specifically objects to the lack of sufficient notice regarding any potential assignee or any related adequate assurance information.

5. With respect to the Agency Agreement and the proposed GOB Sales and the Sale Guidelines, Centerpoint further objects to the same consistent with all the other landlord

objections submitted or to be submitted, and all such objections are hereby joined and incorporated as if fully set forth herein.

6.     Centerpoint has been engaged with the Agent and the Debtors regarding potential resolution of its objections to both the cure amounts and the Sale Guidelines, but such matters have not been fully resolved as this point.  Therefore, Centerpoint reserves the right to supplement this Limited Objection as circumstances warrant.

WHEREFORE, Centerpoint requests that the Court (a) only approve the Debtors' assumption of the Centerpoint Lease with a cure amount of no less than $16,069.29, plus all additional amounts owed thereunder through the date of assumption; and (b) require compliance with all other provision of the Bankruptcy Code in connection with any proposed assumption of the Centerpoint Lease (c) only approve the Agency Agreement or the proposed Sale Guidelines that are acceptable to Centerpoint Owner; and (d) grant such further or additional relief as may be just and equitable under the circumstances.

Dated: January 5, 2015.

FERRY, JOSEPH & PEARCE, P.A.

 /s/ Jason C. Powell
Jason C. Powell, Esquire (No. 3768)
824 Market Street, Suite 1000
P. O. Box 1351
Wilmington, DE 19899
(302) 575-1555
Local Counsel for Centerpoint Owner, LLC

- and -

KOHNER, MANN & KAILAS, S.C.
Samuel C. Wisotzkey, Esquire
4650 North Port Washington Road
Milwaukee, WI 53212-1059
(414) 962-5110
Counsel for Centerpoint Owner LLC