IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DEB STORES HOLDING LLC, et al.,[1] | ) | Case No. 14-12676 (KG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

Objection Deadline: March 25, 2015 at 4:00 p.m. (Eastern time)
Hearing Date: April 1, 2015 at 2:00 p.m. (Eastern time)

**MOTION FOR ORDER UNDER SECTION 365(a) OF THE BANKRUPTCY CODE AUTHORIZING THE DEBTORS TO (1) REJECT MASTER VEHICLE LEASE AND RELATED LEASES *NUNC PRO TUNC* TO JANUARY 31, 2015, AND (2) FIX THE DEADLINE BY WHICH THE COUNTERPARTY TO SUCH REJECTED LEASES MUST FILE PROOFS OF CLAIM FOR REJECTION DAMAGES**

The above-captioned debtors and debtors in possession (the "Debtors") hereby move this Court for entry of an order authorizing the Debtors to reject the following agreements: (1) that certain *Master Walkway Lease Agreement*, dated as of August 15, 2011 (the "Master Lease Agreement"), by and between Enterprise FM Trust ("Enterprise" or the "Counterparty") and Deb Shops, Inc.; (2) the 2012/2013 Leases (defined below); (3) the 2014 Leases (defined below); and (4) any other ancillary and related outstanding lease agreements with Enterprise, including any agreements that are the subject of the Master Lease Agreement (the documents described in (1) through (4) above are collectively defined as the "Leases"). The Leases relate to certain vehicles formerly used by the Debtors in the operation of their business, all of which were surrendered to Enterprise in or prior to January 2015. The Debtors seek to reject the Leases

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Deb Stores Holding LLC (4407), Deb Stores Holding II LLC (4455), Deb Shops SDP Inc. (4120), Deb Shops SDIH Inc. (4113), Deb Shops SD Inc. (8806), Deb Shops SDE LLC (4077), Deb Shops SDW LLC (4065), Deb Shops SDE-Commerce LLC (0926), and Deb Shops SDFMC LLC (8842). The location of the Debtors' headquarters and the service address for each of the Debtors is 9401 Blue Grass Road, Philadelphia, PA 19114.

*nunc pro tunc* to January 31, 2015 and request that the Court fix a date 30 days after the entry of an order granting the Motion as the deadline by which the Counterparty must filed any claim on account of any asserted rejection of the Leases (the "Motion"). In support of this Motion, the Debtors respectfully state as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein is section 365(a) of title of the United States Code (the "Bankruptcy Code") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Summary of Relief Requested

3. Prepetition, the Leases were used by certain of the Debtors' former employees in the operation of the Debtors' business. In light of the going out of business sales conducted at the Debtors' current and former locations, the Leases have no value to the Debtors' estates. The Debtors believe that the Leases either terminated or expired prepetition. However, out of an abundance of caution and solely to the extent that any of the Leases are still unexpired, the Debtors have filed this Motion to obtain rejection of the Leases *nunc pro tunc* to January 31, 2015. In addition, the Debtors seek to fix the deadline by which the Counterparty to the Leases must file a rejection damage proof of claim by no later than 30 days after the entry of an order approving this Motion. The Debtors surrendered all of the vehicles that are the subject of the Leases to Enterprise prior to January 31, 2015, and have paid all postpetition amounts owed to Enterprise. The Debtors further understand that Enterprise has already sold to third

or substantially all of the automobiles that are the subject of the Leases.

## Background[2]

4. On December 4, 2014 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. No request has been made for the appointment of a trustee or an examiner in these cases. An official committee of unsecured creditors (the "Committee") was appointed on December 16, 2014.

7. As of September 30, 2014, the Debtors operated 295 retail store locations (primarily in the East and Midwest, especially Pennsylvania, Ohio and Michigan). On December 5, 2014, the Debtors filed a motion (the "Sale Motion") seeking authority, in part, to conduct an auction for the sale of the Debtors' assets, either on a going-concern basis or via chain-wide store closing sales and liquidation of the Debtors' remaining inventory and furniture, fixtures and equipment pursuant to an agency agreement (the "Agency Agreement") by and between the Debtors, on the one hand, and a joint venture between Hilco Merchant Resources, LLC and Gordon Brothers Retail Partners, LLC (the "Agent"), on the other hand. [Docket No. 37].

6. Pursuant to the Agency Agreement, the Agent has until April 30, 2015 (the "Outside Date") to complete its going out of business sales. However, the Agent may elect to terminate any such sales prior to the Outside Date by timely providing the Debtors with notice of the Agent's intention to vacate and terminate its store closing sales with respect to

---

[2] Additional factual background regarding the Debtors, including their current and historical business operations and the events precipitating their chapter 11 filings, are set forth in detail in the *Declaration of Dawn Robertson in Support of First Day Motions* (the "Robertson Declaration") [Docket No. 3], which is fully incorporated herein by reference.

3

each Unexpired Lease.

7.    Prior to the Petition Date, the Debtors entered into the Master Lease Agreement with Enterprise governing the leases of vehicles that were used by certain of the Debtors' former employees for company business. A copy of the Master Lease Agreement is attached hereto as **Exhibit A**

8.    In 2012 and 2013, the Debtors leased approximately thirty-seven 2013 Nissan Altima Sedans from Enterprise with lease terms of 24 months (together, the "2012/2013 Leases"). The term of each of the 2012/2013 Leases began as of the date on which the employee picked up the applicable vehicle from Enterprise, but the Debtors believe that each of 24 month terms under the 2012/2013 Leases have since expired by their terms and all of the vehicles that are the subject of the 2012/2013 Leases have been returned to Enterprise.

9.    Following the termination of the 2012/2013 Leases, the Debtors obtained quotes for Enterprise to lease separate vehicles for new terms. On July 14, 2014 and July 28, 2014, the Debtors leased approximately thirty-seven 2015 Nissan Altima 2.5 Sedan vehicles, as more fully set forth on the *Closed-End (Walkaway) Lease Rate Quotes* set forth on **Exhibit B** hereto (together, "2014 Leases"). Eight employees picked up the cars that were the subject of the 2014 Leases in October and November of 2014. However, after the commencement of the Debtors' chapter 11 cases on December 4, 2014, Enterprise notified the Debtors that they would not release any additional automobiles to the Debtors under the 2014 Leases. Consequently, no other automobiles were leased to the Debtors under the 2014 Leases beyond the eight automobiles whose lease terms commenced in October and November of 2014.

10.   By January 2015, and after the Debtors obtained approval to enter into the Agency Agreement to conduct the going out of business sales at their stores, the Debtors

4

surrendered the remaining eight automobiles from the 2014 Leases as well as any remaining vehicles from the 2012/2013 Leases to Enterprise.

11. By January 13, 2015, the Debtors had surrendered all of the vehicles under the Leases to Enterprise, either by dropping off the cars directly to Enterprise's facility, or by Enterprise having picked up the subject vehicles from the Debtors' headquarters (the "Final Surrender Date").

12. Following the surrender of the vehicles by the Debtors to Enterprise, the Debtors are informed and believe that Enterprise sold the surrendered vehicles to third parties. On February 23, 2015, Enterprise informed the Debtors that all but one of the surrendered vehicles had been sold. All monthly postpetition lease rental payments owed on the Leases have been made to Enterprise.

13. On a monthly basis, Enterprise would automatically deduct the applicable lease payments owed under the Leases from the Debtors' account. However, even after the Final Surrender Date, Enterprise continued to deduct amounts from the Debtors' bank account for cars that had already surrendered to Enterprise, including a debit by Enterprise in the amount of $49,494.20 for February 2015 (the "February Transfer")[3]

**Basis for Relief**

14. As set forth above, the Debtors believe that the Leases either expired or were terminated by Enterprise prepetition.[4] However, out of an abundance of caution, the Debtors request that the Court enter an order rejecting any of the Leases that is subsequently

---

[3] The Debtors reserve any and all of their rights to recover the February Transfer as well as any other postpetition transfers made to Enterprise that did not provide any concomitant benefit to the Debtors' estate under section 503(b)(1) of the Bankruptcy Code. With respect to the February Transfer, that payment was made (1) after the Final Surrender Date; and (2) provided no benefit to the estates because the Debtors did not have any access to the already-surrendered automobiles under the Leases.

[4] The Debtors reserve any and all rights to assert that the Leases were terminated prepetition and/or do not constitute unexpired leases under section 365(a) of the Bankruptcy Code.

determined to have not terminated or expired. In that regard, section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may ... reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). *See also, University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Co.*, 83 F.3d 735, 741 (5th Cir. 1996) *citing In re Muerexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994).

15.    The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See, NLRB v. Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *In re Taylor*, 913 F.2d 102, 107 (3d Cir. 1990); *see also, In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re HQ Global Holdings*, 290 B.R. 507, 511 (Bankr. D. Del. 2003). The business judgment standard mandates that a court approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *See, In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001). *See also, Summit Land Co. v. Allen (In re Summit Land Co.)*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

16.    Rejection of an executory contract or unexpired leases is appropriate where rejection would benefit the estate. *See Sharon Steel Corp. v. National Fuel Gas Distribution Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). The standard for

rejection is satisfied when a debtor has made a business determination that rejection will benefit the estate. *See Commercial Fin. Ltd. v. Hawaii Dimensions, Inc. (In re Hawaii Dimensions, Inc.)*, 47 B.R. 425, 427 (D. Haw. 1985) ("under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate.").

17. If a debtor's business judgment has been reasonably exercised, a court should approve the rejection of an unexpired lease or executory contract. *See, e.g., In re Federal Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003).

18. The Debtors believe that the Leases (to the extent they are still unexpired) are burdensome, provide no economic value to these estates, and are unnecessary in light of the Debtors' continued going out of business sales authorized under the Agency Agreement. The Leases also provide no benefit to the estates because the automobiles that were the subject of the Leases are not necessary to conduct of the going out of business sales at the Debtors' current and former store locations.

19. If the Court grants this Motion, the Debtors respectfully request that the Leases be deemed rejected as of January 31, 2015. *See In re 1 Potato 2, Inc.*, 58 B.R. 752, 754-55 (Bankr. D. Minn. 1986) (debtor's letter informing lessors of intention to reject the lease constitutes effective rejection); *In re Joseph C. Speiss Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("a trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease . . ."); *In re Mid Region Petroleum, Inc.*, 111 B.R. 968, 970-71 (Bankr. W.D. Okla. 1990) ("[r]ejection may be accomplished by an unequivocal act of the [debtor-in-possession].

20. If the Court grants this Motion, the Debtors respectfully request that the Court set the 30 days after the entry of the order granting the Motion as the deadline by which

7

Enterprise to the Leases must file their proofs of claim for any claims arising from the Debtors' rejection of the Leases.

21. The Debtors may have claims and/or defenses against Enterprise under, or independently of, the Leases (including the recovery of certain payments debited from the Debtors' account by Enterprise postpetition). The Debtors do not waive such claims by the filing of this Motion or the rejection of the Leases. In addition, as noted above, nothing herein shall be construed as a concession or evidence that the Leases identified herein have not expired, been terminated or otherwise currently are not in full force and effect. Rather, the Debtors expressly reserve all rights with respect thereto, including their right to seek a later determination of these issues, and their right to dispute the validity, status, characterization or enforceability of the Leases.

## Notice

22. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the U.S. Trustee; (ii) the Debtors' pre-petition and post-petition secured lenders; (iii) the Committee; (iv) Enterprise; and (v) those parties filing request for notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Relief

23. No prior motion for the relief requested herein has been made to this or any other Court.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing the Debtors to reject the Leases as provided herein, effective as of January 31, 2015, fix 30 days after the entry of an order granting the Motion as the deadline by which Enterprise or any other counterparty to the Leases must file any claims arising from the rejection of their respective agreements, and granting such other relief as is just and proper.

Dated: March 11, 2015

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Joshua M. Fried (CA Bar No. 181541)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705
Telephone: 302/652-4100
Facsimile: 302/652-4400
E-mail:    ljones@pszjlaw.com
           dbertenthal@pszjlaw.com
           jfried@pszjlaw.com
           pkeane@pszjlaw.com

Counsel for the Debtors and Debtors in Possession